Blackwell v. Hill.

G. N. BLACKWELL, Respondent, v. JOHN B. HILL et al., Defendants; KANSAS CITY, Appellant.

Kansas City Court of Appeals, May 30, 1898.

1. **Municipal Corporations:** SIDEWALK OBSTRUCTIONS: INSTRUCTIONS TAKEN TOGETHER. An instruction for the plaintiff which was incomplete in that it did not leave to the jury the question whether the sidewalk was reasonably safe, is supplemented by ample instructions on this point given for the defendant, and the error is nonprejudicial.

2. ———: ———: INSTRUCTIONS ASSUMING FACTS. Instructions in regard to the dangerous condition of the sidewalk are found not to assume such fact.

3. ———: ———: CARE OF INFANT: INSTRUCTION. An instruction calling attention to the care of an infant in using a sidewalk is *held* not subject to a criticism of commenting on a particular fact.

4. **Damages:** MEASURE OF: INSTRUCTIONS: VARIOUS ITEMS. An instruction on the measure of damages named various elements of damage alleged in the petition but failed to confine the recovery on each item to the amount alleged in the petition but did confine the total recovery to the aggregate amount alleged in the petition. *Held,* while such instruction is somewhat unsafe in this case it seems to have produced no prejudice as the verdict is in no respect excessive.

5. ———: PARENT AND CHILD: LOSS OF SERVICES: EVIDENCE. A parent is entitled to the earnings of a child until its majority and if wrongfully deprived thereof is entitled to be compensated and no direct evidence as to the amount of such damage is required but they are left to the judgment, common experience and enlightened conscience of the jurors guided by the facts and circumstances in the case.

6. ———: ———: NURSING: RULE AS TO FAMILY RELATIONSHIP. The rule that the nursing of a member of the family does not raise, without an express agreement, a promise to pay, has no application in a suit by a parent to recover damages for personal injury to a child, and the father and husband is entitled to recovery for such nursing, though done by his wife and daughter.

7. ———: VALUE OF SERVICES: EVIDENCE: JURY QUESTIONS. Juries may well be presumed to be familiar with the value of services rendered in nursing the injured and may measure the same by their knowledge and experience.

8. **Municipal Corporations**: SIDEWALK OBSTRUCTION: LIABILITY
OF PROPERTY OWNER. The owner of abutting property is not charged
with the duty of keeping a sidewalk in front thereof in good order so
far as the general public is concerned and when a tree is blown on the
sidewalk and allowed to remain until injury occurs to a passerby by
reason thereof, the city, and not the property owner, is liable.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

AFFIRMED.

R. B. MIDDLEBROOK and GEO. L. JONES for appellant.

(1)   The court erred in giving instruction number
1 for plaintiff.   Young v. Kansas City, 45 Mo. App.
600; Salmon v. Trenton, 21 Mo. App. 182; Staples v.
Canton, 69 Mo. 592; Craig v. Sedalia, 63 Mo. 417.
The testimony adduced by the city tended to show
that the tree was not a dangerous obstruction.   This
instruction deprived the city of the benefit of this evi-
dence.   Salmon v. Trenton, 21 Mo. App. 182.   The
city's instructions and this instruction for plaintiff are
inconsistent.   Flynn v. Bridge Co., 42 Mo. App. 529;
McNichols v. Nelson, 45 Mo. App. 446; State v. Brum-
ley, 53 Mo. App. 126; Kinner v. Tschirpe, 54 Mo.
App. 575; Voegeli v. Marble Co., 49 Mo. App. 643;
Stone v. Hunt, 94 Mo. 481; Birtwhistle v. Wood-
ward, 95 Mo. 113 (last sentence in the opinion).
(2) Plaintiff's second instruction tells the jury, in effect,
that the tree was a dangerous obstruction.   Instruc-
tions which assume disputed facts constitute reversible
error.   Stone v. Hunt, 94 Mo. 480; Comer v. Taylor,
82 Mo. 341; Donnel v. Bank, 80 Mo. 165; Peek v.
Ritchey, 66 Mo. 114; Wilkerson v. Thompson, 82 Mo.
317; Wilkerson v. Eilers, 114 Mo. 245; Harrison v.
White, 56 Mo. App. 175; Delaney v. Sugar Refining

Co., 42 Mo. App. 659; Fullerton v. Fordyce, 121 Mo. 1; R. R. v. Stock Yards, 120 Mo. 558. (3) Instruction number 3 singles out and gives prominence to a particular fact, to which it especially invites the attention of the jury. This is error. Noyes v. Cunningham, 51 Mo. App. 194-198; McFaddin v. Catron, 120 Mo. 274; Kendig v. R. R., 79 Mo. 207; Judd v. R. R., 23 Mo. App. 56; Weil v. Schwartz, 21 Mo. App. 372; Jones v. Jones, 57 Mo. 138; Forrester v. Moore, 77 Mo. 651. (4) Plaintiff's instruction number 7 is erroneous. This instruction is directly contradictory to the doctrine of this court as announced in the following cases. Dunn v. R'y, 21 Mo. App. 188; Schmidtz v. R. R., 46 Mo. App. 380. (5) The court erred in giving an instruction of its own motion that the jury should find for defendant Hill. Weller v. McCormick, 52 N. J. Law, 470; Daily v. State, 51 Ohio St. 348. (6) The court erred in permitting witness Bosserman to testify over defendant's objection as to the value of the services of Mrs. Blackwell and her son, Ollis Blackwell (wife and son respectively of plaintiff) as nurses. Callahan v. Riggins, 43 Mo. 130; Penter v. Roberts, 51 Mo. App. 222; Morris v. Barnes, Adm'r, 35 Mo. 412; Erhardt v. Dietrich, 118 Mo. 419; Cowell v. Roberts, 79 Mo. 218; Lander v. Hart, 52 Mo. App. 377; Wood v. Land, 30 Mo. App. 176; Brock v. Cox, 38 Mo. App. 40.

GAGE, LADD & SMALL for respondent.

(1) No judgment in any case can stand against a party unless the pleadings contain allegations of fact from which springs liability on his part. And in the absence of such allegations, an appellate court will reverse the judgment, although no objections were taken or exceptions saved. This is a well settled rule

in this state. Burns v. Patrick, 27 Mo. 434; Jones v. Tuller, 38 Mo. 363; State to use v. Matson, 38 Mo. 489; Miller v. Davis, 50 Mo. 572; McIntire v. McIntire, 80 Mo. 470; Childs v. R. R., 117 Mo. 395; Lilly v. Menke, 126 Mo. 190. (2) The petition stated no cause of action against the Hills. They did nothing at any time; they only omitted to remove an obstruction with whose appearance in front of their property they had, so far as the petition shows, no connection whatever. Dillon on Mun. Corp. [4 Ed.], sec. 1036; *Ibid*, sec. 1032; *Ibid*, sec. 1012; Norton v. St. Louis, 97 Mo. 531; St. Louis v. Ins. Co., 107 Mo. 92; Jansen v. Atchison, 16 Kan. 358; Toutloff v. Green Bay, 91 Wis. 490; Eustace v. Johns, 38 Cal. 3; Selleck v. Tallman, 93 Wis. 246; Keokuk v. Independent Dist., 53 Iowa, 352; Kirby v. Boylston Market Ass'n, 14 Gray, 249; Wenzlick v. McCotter, 87 N. Y. 122; Moore v. Gadsden, 93 N. Y. 12; Rochester v. Campbell, 123 N. Y. 405; Van Dyke v. Cincinnati, 1 Disney, 532. (3) But if the fatal defects of the pleadings be overlooked, and only the evidence considered, it will be found insufficient to justify a recovery against the Hills. Rychlicki v. St. Louis, 115 Mo. 662; Wenzlick v. McCotter, 87 N. Y. 122.

A. R. Lyon and Edward H. Stiles for respondent.

(1) Instructions must be considered in connection with the evidence in the case. Alberger v. White, 117 Mo. 347; Roodhouse v. Christian, 41 N. E. Rep. 748; 158 Ill. 137; Bowlin v. Creel, 63 Mo. App. 229; Sage v. Tucker, 51 Mo. App. 336; Lindsay v. Dixon, 52 Mo. App. 291; Irvine v. Karnes, 58 Mo. App. 254. (2) Inasmuch as an intelligent jury may approximately determine from common experience

what amount would compensate a parent for the pecuniary loss sustained by reason of the death of a minor child, the recovery should not be restricted to mere nominal damages because of failure by the parent to prove the value of the child's services or the amount of expense incurred in its behalf. Parsons v. R. R., 94 Mo. 286; Rosenkranz v. R. R., 108 Mo. 9; Bartley v. Trorlicht, 49 Mo. App. 214. (3) The jurors may measure the value of such services by their own knowledge and experience, and detailed proof is not required. Murray v. R'y, 101 Mo. 236; Schmitz v. R'y, 46 Mo. App. 380; Blair v. R. R., 89 Mo. 334; Smith v. St. Joseph, 55 Mo. 456.

SMITH, P. J.—Action to recover damages for personal injuries. The facts of the case, as disclosed by the evidence, are these: A dead elm tree, ten inches in diameter, which had stood on the strip of ground situate between the sidewalk and the curb stone of a certain street in defendant city, had fallen and the trunk thereof occupied such a position in the said strip that it slightly encroached upon the sidewalk, while a prong, the end of which was broken off, projected over such sidwalk some eighteen inches. The plaintiff resided in a rented house situate on a lot abutting on the street at the point where the tree was lying. One evening after nightfall Ercell, the infant son of plaintiff, in passing along the sidewalk at the place where the tree was lying, on his way to join some playmates, stumbled against the projecting prong and fell, breaking his arm. A physician who examined the boy's arm some six months after the fracture occurred, testified that its flexion was limited at the elbow; that it would bend about at a right angle, and that, in his opinion, the disability would be permanent.

STATEMENT.

It appears that the tree had been lying in the position already stated something like twenty days before the injury happened. There was a trial resulting in judgment for plaintiff and defendant appealed. The errors assigned by defendant relate to the action of the court in the giving and refusing of instructions.

The defendant objects that the first instruction given for plaintiff is erroneous. It was to the effect.
"That it was the duty of the defendant to

MUNICIPAL corporations: sidewalk| obstructions: instructions taken together.

keep the sidewalk in question free from any obstructions and if you believe from the evidence that any part of said sidewalk was obstructed and said obstruction had existed such length of time that defendant could or might by the exercise of ordinary care have known of it in time enough to have removed the same prior to the accident, then, and in that case, the defendant was guilty of negligence." It was incomplete in that it did not leave it to the jury to find whether or not the sidewalk was reasonably safe for pedestrians passing along the same at the place where the injury happened to plaintiff's son.

The defendant's second told the jury that before the plaintiff could recover they must find from the greater weight of evidence: "1. That plaintiff's said minor son was injured by reason of falling over said tree at the place alleged in the petition," and "2. They must further find that said tree in the position in which it was lying made the sidewalk not in a reasonably safe condition 'for travel upon it, a sufficient length of time before the accident, so that the city officials charged with the supervision of sidewalks would have discovered it and had time to remove it before the accident, if they had used ordinary care and diligence in the discharge of their duties.' "

When both of these instructions are taken together

and considered in their entirety they will be found to embody a correct expression of the law as applicable to the facts which the evidence tended to prove. Schmitz v. R'y, 119 Mo. loc. cit. 279; Haniford v. Kansas City, 103 Mo. 172. The jury, which was presumably composed of men of average intelligence, could not have misunderstood the question of fact which the court had, by these instructions, left for them to find. The defect complained of in plaintiff's instruction could not, therefore, have prejudiced the defendant.

Defendant further objects that the plaintiff's second instruction, which told the jury that "if they find from the testimony that the tree, or any part of it, was obstructing the sidewalk, and that said obstruction remained upon said sidewalk for two weeks or twenty days before the accident, and continued so to be upon said sidewalk up to the time of the accident, and if you further believe that policemen passed back and forth upon said sidewalk every few days while said tree so remained upon said sidewalk prior to the accident then the city and its officers are presumed to have had knowledge or notice of said obstruction and dangerous condition of the same, and no actual notice was necessary to make the city liable," is erroneous in that it assumes that the sidewalk was dangerous. The words "dangerous condition" in this instruction are used in the same sense and as the equivalents of the words "not in a reasonably safe condition" appearing in the defendant's second instruction. The hypotheses of these two instructions do not differ in substance. The former told the jury that if they found certain facts—the same as those hypothesized in the latter—from these they were authorized to presume that the defendant had notice of the obstruction and the dangerous condition thereof.

<small>instructions: assuming fact.</small>

There was no assumption of any issuable fact by the instruction, and it is therefore not subject to defendant's criticism.

The third instruction given for the plaintiff told the jury: "Plaintiff's son, Ercell, was bound to exercise only such care and prudence as might reasonably be expected of a boy of his age and capacity, under similar circumstances, and that the same degree of care and prudence in avoiding danger is not required from a person of tender years and imperfect discretion as from a person of mature years and greater discretion under similar circumstances; *and if the jury believe from the evidence that plaintiff's son Ercell was at the time of the accident of about eight years, they may take that fact into consideration in considering the question of negligence, if any, on the part of plaintiff.*" The defendant contends that the italicised part of this instruction singles out and gives prominence to a particular fact to which it especially invited the attention of the jury and that this was error. This instruction, it will be seen by reference to the adjudged cases in this state, is unobjectionable in its enunciation: Williams v. R'y, 96 Mo. 283; Eswin v. R'y, 96 Mo. 296; Ridenhour v. R'y, 102 Mo. 287; Bartley v. Trorlicht, 49 Mo. App. 214; Duffy v. R'y, 19 Mo. App. 389.

*—: —: care of infant: instruction.*

The defendant's seventh instruction related to the measure of damages and was as follows: "If you find for plaintiff, you will assess his damages at an amount which will fully compensate and indemnify plaintiff for the loss of service or depreciated value of said child's service, if any, to plaintiff on account of said injury during the minority of said child (that is, until said child arrives at the age of twenty-one years) and you will further allow an amount, which you believe

DAMAGES: measure of: instructions: various items.

from the evidence would be the reasonable expense incurred by plaintiff or that he has become liable for in consequence of said injury, such as doctor's bills and surgeon's bills and attention and drugs and medicines; and you will further allow plaintiff as damages, such further sum as you believe from the evidence, would equal the reasonable value of the services of himself and family while nursing and caring for said child on account of said injuries, not exceeding in all the sum of three thousand dollars."

It is alleged in the petition that the reasonable value of the services for nursing plaintiff's son was $500; that of the surgeon was $300; that of the medicines used was $100; and that on account of the injuries his son's services would be less valuable during his minority to the damage of plaintiff in the sum of $2,100, making the damages in the aggregate amount to $3,000, for which judgment is asked. The instruction tells the jury that in assessing the damages to take into consideration the several items specified in the petition, imposing no limitation as to the amount which they were authorized to assess on account of each of such items; but it does limit the aggregate amount which they were authorized to find. It is not pretended that there was a finding in excess of the amount claimed in the petition for any specific item, or that the verdict is in any respect excessive, or that any injury has resulted from the omission of the limitations from the instructions. It is no doubt a safer practice to inform the jury by the instructions that they should not find on account of any item of damage an amount in excess of that claimed in the petition.

It is further insisted that this instruction is further erroneous in that it authorized the amount of

——: parent and child: loss of services: evidence.

damages to compensate plaintiff for the impairment of the value of the future services of his son during his minority, since there was no evidence on which to base the same. The plaintiff would be entitled to the services of his son during the period of his minority. If the future earning capacity of the latter will be, during that period, impaired by reason of the injury, it would seem that both upon principle and authority the father ought to be compensated in damages for such impairment. The prospective loss of earnings is not susceptible of direct and conclusive proof even in case of adults, and much less so in that of infants. The son of plaintiff is a mere child who is only eight years old. He has never earned anything and what his ability to labor or his earning capacity in the business pursuits of life will in the future be is largely conjectural. In such cases it is held, in the absence of direct evidence, that much must be left to the judgment, common experience and enlightened conscience of the jurors, guided by the facts and circumstances in the case. Rosenkranz v. R'y, 108 Mo. 9; Grogan v. Foundry Co., 87 Mo. 326; Schmitz v. R'y, 119 Mo. 256; Nagel v. R'y, 75 Mo. 658; Bartley v. Trorlicht, 49 Mo. App. 214.

And no reason is perceived why, if the infant himself can recover damages on account of the empairment of his future earning capacity, his parents may not also do so for the partial loss of his future services during the period of his unexpired minority; nor why, in the absence of direct evidence in such case, the jury should not be guided by the same rule that would guide them were the infant himself suing. The defendant cites in support of its contention the cases of Dunn v. R'y, 21 Mo. App. 188, and Schmitz

v. R'y, 46 Mo. App. 380, decided by the St. Louis court of appeals, but it will be seen by reference to the later case of Bartley v. Trorlicht, *ante*, that that court has there followed the ruling made by the supreme court in Rosenkranz v. R'y, *ante*, instead of that of its own in the two former cases.

The defendant further contends that the court erred in permitting the witness Bosserman to testify as to the value of the services of the plaintiff's wife and minor daughter as nurses. It is true, as defendant contends, that where persons live together and occupy the family relation the performance by the one for the other of such valuable services as is shown to have been performed by the plaintiff's wife and daughter for his infant son, the usual legal implication of a promise to pay for such service does not obtain. Callahan v. Riggins, 43 Mo. 130, and cases there cited. If this were an action by the father, mother or daughter against the son and brother, or his estate, on an implied promise, to recover for the value of such services, the rule invoked would be applicable.

*——: ——: nursing: rules as to family relationship.*

The testimony objected to was of no special importance, since it seems that, according to the precedents, "juries may well be presumed to be reasonably familiar with the value of such services and they may measure the same by their own knowledge and experience." Murray v. R'y, 101 Mo. 236; Blair v. R'y, 89 Mo. 334; Smith v. St. Joseph, 55 Mo. 456; Schmitz v. R'y, *ante*. We have found no case within or without this state where the rule just referred to has been applied in a case like this.

*——: value of services: evidence: jury question.*

The court gave a peremptory instruction directing a verdict for the other defendants, the Hills, and of

Blackwell v. Hill.

this defendant complains.    The defendant city had the control of its streets and the duty of keeping the sidewalks of such streets in a reasonably safe condition devolved upon it and for a failure to perform that duty it is, as we have seen, liable.    The owner of abutting property is not charged with the duty of keeping the sidewalk in front thereof in good order so far as the general public is concerned.    He is, however, liable for injuries resulting from a nuisance which he creates in a street.    The tree in question as it stood in the street was not a nuisance.    It lawfully stood there.    It was not felled by the Hills nor by their agency.    It was blown down by the wind.    If it became a nuisance on the sidewalk after its fall it was the duty of the city and not of the Hills to remove it.    If the plaintiff was injured in consequence of its presence on the sidewalk then the former and not the latter are liable therefor. These views of the law are amply supported by the authorities cited in the brief of the counsel for the Hills.    The Hills were the owners of the lots abutting on the street where the accident happened.    The plaintiff occupied, as tenant, one of the houses situate on such lots.    No liability resulted from this.    The petition did not allege, nor did evidence tend to show, any liability on their part, so that it results that the court did not err in giving said peremptory instruction.

Even if the plaintiff's instructions are not quite accurate in expression, we do not think that there is any error therein materially affecting the merits.

After a very thorough examination and consideration of the whole case we have been unable to reach any other conclusion than that the judgment is for the right party and such being the case the duty is enjoined upon us by statute to affirm it, which is accordingly ordered.    All concur.

*Municipal corporations: sidewalk obstruction: liability of property owner.*