PETER GALLIGAN vs. WOONSOCKET ST. RAILWAY COMPANY.

PETER A. GALLIGAN vs. WOONSOCKET ST. RAILWAY COMPANY.

PROVIDENCE—NOVEMBER 6, 1905.

PRESENT: Douglas, C. J., Dubois, Johnson, and Parkhurst, JJ.

(1)   *New Trial. Witnesses.*

Where no attempt is made to impeach the testimony of witnesses upon the trial, it is too late, on petition for new trial, to attack their credibility by argument which should be addressed to the jury.

(2)   *Parent and Child.   Measure of Damages.*

A parent is not only entitled to the earnings of a minor, but is bound also to support the child during minority.   Hence the measure of damages for loss of the minor's services is the total earning capacity of the child plus the expenses incurred.

(3)   *New Trial.*

The fact that a jury disregarded an erroneous instruction, provided they found a verdict which was justified by the evidence, furnishes no ground for a new trial.

TRESPASS ON THE CASE for negligence.   Heard on petition of defendant for new trial, and denied.

PARKHURST, J.  These are two actions of trespass on the case for negligence, which were tried together at Woonsocket, before a jury, in February, 1905.   The plaintiff Peter A. Galligan was a passenger on a car of the defendant which ran off the rails, and he was thrown from the running-board and struck upon a macadam roadway upon his hands and knees. He claimed to have fractured his right knee cap, and for that injury he brought suit.  The plaintiff Peter Galligan, the father of Peter A. Galligan, who was a minor, sued for loss of his son's services and for the expenses of his son's illness.

The jury returned a verdict for the plaintiff in each case, with damages of $1,200 for the son and $400 for the father.

The defendant has petitioned for a new trial in each case, alleging in each that the verdict is contrary to the evidence, contrary to the law, and that the damages are excessive.   In

the father's case an additional ground is alleged, namely, that the court erred in refusing to instruct the jury as requested by the defendant.

At the trial no defence was made upon the issues of negligence of the defendant and due care on the part of Peter A. Galligan, so these questions are not before the court.

We find in the record sufficient evidence, if believed by the jury, to support the verdicts in both cases.

(1)  In the case of Peter A. Galligan, the son, while there is a sharp conflict of testimony between plaintiff's and defendant's experts as to the nature and extent of the plaintiff's injuries, we can not say, as a matter of law, that the verdict is against the evidence, or contrary to law or excessive. It is not disputed that the plaintiff was injured; and there is sufficient evidence adduced by the plaintiff as to the nature and extent of the injury to warrant the jury in believing that he was injured substantially as he claims. Both of the plaintiff's experts testify as to the facts as they saw or found them immediately after the accident. Only one of the defendant's experts testifies as to such facts as he saw or found them immediately after the accident. The other two experts for defendant testify only as to matters of opinion founded upon the history of the case and an examination made December 30, 1904, more than three and a half months after the accident.

No attempt is made to impeach the plaintiff's physicians, in the usual way, but counsel argue that they are unworthy of belief; this argument might well be addressed to the jury, whose peculiar province it is to judge of the credibility of witnesses; and the jury having, after hearing all this testimony, found a verdict for the plaintiff, this court can not disturb it. If the jury believed, as they evidently did believe, that the plaintiff was injured to the extent claimed by him and his physicians, then the sum of $1,200 was not excessive.

In the case of Peter Galligan, the father, we find sufficient evidence to support the verdict of the jury for the plaintiff for the sum of $400. The plaintiff sues for the loss of services of his minor son.

(2)  The record shows affirmatively that the plaintiff is the

father of Peter A. Galligan, and that Peter A. Galligan was a minor at the date of the accident, September 13, 1904, and that he became of full age July 11, 1905; presumptively the father was entitled to the wages of the son during his minority; and if the defendant had intended to contest the right of the father to recover, it should have done so by evidence in defence, which it has not seen fit to offer.

The record shows that the son, by reason of the injury which he sustained, would be unable to work, for two hundred and fifty-eight working days, between September 13, 1904, and July 11, 1905 (when he became of age), and was earning $1.25 per day when injured; there would be then a loss to the father of the sum of $322.50 in actual wages; doctor's bills to the amount of $76 were proved to have been incurred, and although they appear to have been incurred at the request of the mother, we are of the opinion that she was presumptively acting as the agent of the father, and that he (the father) would be legally liable to pay them. This makes the damage proved $398.50. The jury gave a verdict for the plaintiff for the sum of $400.

It is true that the trial judge instructed the jury that the father was entitled to recover only the net result of the son's labor, and appears to have charged further that as proof was wanting as to this net result, the jury would "have to leave it absolutely out." This instruction was erroneous, because the father is not only entitled to the son's earnings, but he is bound also to support the son during minority. He was just as much bound to support the son after the accident as before, and there is no evidence that he did not. The measure of damages is, therefore, the total earning capacity of the son (which, as has been shown, was $322.50), plus the doctor's bills, $76, making a total of $398.50; as the verdict only exceeds this by the sum of $1.50, we can not say that a new trial should be granted on the ground of excessive damages.

(3) The fact that the jury disregarded an erroneous instruction, provided they found a verdict which was justified by the evidence, furnishes no ground for a new trial.

The petitions for new trials are denied, and the cases are

remanded to the Superior Court with instructions to enter judgments upon the verdicts.

*George W. Greene,* for plaintiff.

*John J. Heffernan and James H. Rickard, Jr.,* for defendant.