STOCKTON v. PENNSYLVANIA R. CO.

(Circuit Court, D. New Jersey. May 26, 1910.)

1. NEW TRIAL (§ 74*)—DAMAGES—REVIEW BY COURT.

Under a state statute authorizing the jury, in an action for wrongful death, to give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from the death to the wife and next of kin of the deceased person, the court will not interfere with the discretion of the jury in fixing the amount of the damages unless it has been palpably abused.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 150; Dec. Dig. § 74.*]

2. DEATH (§ 99*)—WRONGFUL DEATH—DAMAGES—EXCESSIVENESS.

A New Jersey statute authorizes a jury, in an action for wrongful death, to give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from the death to the wife and next of kin of the deceased person. Deceased was killed in his thirty-fourth year. He was in a normal state of health, unmarried, and his next of kin were his widowed mother, brothers and sisters of the whole and half blood, and the children of deceased brothers and sisters. He lived with his mother part of the time and she was the object of his bounty. He had been employed by an insurance company for more than 12 years and had become manager of one of the company's territorial divisions with an annual salary of $2,000. The expectancy of deceased and his mother being shown, the court charged that the recovery was confined to the actual probable pecuniary loss suffered by the next of kin. Held, that a verdict for plaintiff fixing the damages at $12,000 was not so excessive as to indicate that the jury disregarded the instruction and did not find that such amount was the actual probable pecuniary loss.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Richard Stockton, as administrator, against the Pennsylvania Railroad Company. On rule to show cause why the verdict should not be set aside as excessive. Rule dismissed.

Frank S. Katzenbach, Jr., for plaintiff.

James Vredenburgh, for defendant.

RELLSTAB, District Judge. The jury found the defendant guilty of negligence resulting in the death of the plaintiff's testate, and fixed the damages at $12,000.

The deceased was unmarried. His next of kin were his widowed mother, and brothers and sisters of the whole and half blood, and children of deceased brothers and sisters. His mother, with whom he lived a part of his time, had been the object of his bounty. He was in his thirty-fourth year at the time of his death, and in a normal state of health. His expectancy of life, by accepted tables of mortality, was 31.68, and that of his mother, 10.23. He had been employed by the Prudential Insurance Company for more than 12 years, beginning in a humble capacity and being successively advanced in position and compensation until at the time of his death, he was manager of one of the territorial divisions of such company, with an annual salary of $2,000.

The basis of this action is a local statute which authorizes the jury to "give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from the death, to the wife and next of kin of such deceased person." The state courts have held that the the injury to be thus recovered for is "the deprivation of a reasonable expectation of pecuniary advantage which would have resulted by a continuance of the life of deceased." Paulmier v. Erie Ry. Co., 34 N. J. Law, 151; Demarest v. Little, 47 N. J. Law, 28. The court said in these cases:

"A difficult task is thereby imposed upon the jury, for they are obliged to determine probabilities, and must to a large extent form their estimate of damages on conjectures and uncertainties."

At the trial the court, affirming the request of the defendant, charged the jury, inter alia:

"The recovery in this cause is confined to the actual probable pecuniary loss suffered by the next of kin."

Counsel for the defendant insists that this verdict evidences that the jury disregarded such instruction; but I fail to see anything in the case that warrants such a conclusion. The jury were not bound by any fixed and precise rules in estimating the amount of damages, save by the statutory limitation. The limitation is the pecuniary injury, but the injunction upon the jury is that in giving damages they shall act fairly and justly in reference to such injury. What is fair and just depends upon the particular facts of each case. The jury were to take into consideration all the probabilities on the question of the pecuniary loss sustained by the next of kin by the premature taking off of the deceased. These probabilities involve the expectancy of his life, as well as that of his mother, as influenced by their condition of health, as well as the average years indicated by the tables of mor-

tality; his then earning power being increased or diminished during such expectancy; sickness or accident as increasing his personal expenses or diminishing his earning power; marriage or other causes that might influence him to change the direction of his bounty, or the decreasing of the amount of his benefactions to his mother and next of kin. The presumption is in favor of the verdict.

The court will not interfere with the discretion of the jury in fixing the amount of the damages unless it has been palpably abused. Or, using the language of Justice Gummere in Graham v. Consolidated Tract. Co., 62 N. J. Law, 90, 92, 40 Atl. 773, 774:

"The court never disturbs the verdict because it would have assessed the damages at a different amount if it had been sitting as a jury. It only interferes where the verdict is so out of the way as to justify the inference that it is the result of passion, prejudice, partiality, or corruption."

There is nothing in the case that suggests that the jury, in performing this most difficult duty, disregarded the rules of law laid down by the court, or that they did not act conscientiously or even intelligently in applying such rules.

The rule is dismissed.