CARRIE B. GRAFFAM, Admx.,

*vs.*

SACO GRANGE PATRONS OF HUSBANDRY, No. 53.

York.     Opinion December 30, 1914.

*Damages. Exhibitions. Invitation. Lessee. License. Negligence.*
*Reasonable Care. Revised Statutes, Chap. 89, Secs. 9-10.*

1.  If the owner or occupier of land either directly or by implication induces persons to come upon his premises, he thereby assumes an obligation to see that such premises are in a reasonably safe condition so that the person there by his invitation may not be injured by them or in their use for the purposes for which the invitation is extended; that there should be no dangerous plays, sports or exhibitions thereon by which the invited might be injured.

2.  Where the proprietors of a fair allow shooting galleries upon their premises, practice in target shooting is a part of the entertainment carried on at the fair, and the managers and controllers of the fair have such target shooting and its safety under their supervision and control as much as any other part of the fair, and are liable for injuries resulting from their negligence in not properly controlling and conducting the management of this part of their exhibition.

3.  By inviting persons to their fair, the managers make themselves bound to use reasonable care to see that the fair in all its parts is safe and is conducted safely, whether the various parts of the fair are conducted and managed by the proprietors themselves or with their permission, by license, by independent contractors, or by lessees.

4.  In an action brought under this statute, the injury for which damages can be recovered must be wholly to the beneficiaries themselves, and is limited to the pecuniary effect of the death upon them.

On motion and exceptions by defendant.  If plaintiff remits all of the verdict in excess of one thousand dollars, the motion is to be overruled; otherwise, a new trial is to be directed.  This order disposes also of the exceptions.

This is an action on the case, brought under the provisions of Revised Statutes, Chap. 89, Secs. 9 and 10, to recover damages for the death of the son of the plaintiff, a boy of eleven years of age, occasioned by the negligence of the defendant in the conduct of the

exercises upon the fair grounds, under the management and control of the defendant. Plea, the general issue. At the close of the evidence, the defendant requested the presiding Justice to direct a verdict for the defendant; the presiding Justice refused to so rule and the defendant excepted. The jury returned a verdict for the plaintiff for $1873.33, and the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*John G. Smith*, for plaintiff.

*Cleaves, Waterhouse & Emery*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HANSON, PHILBROOK, JJ.

PHILBROOK, J. This is an action brought by an administratrix under the provisions of R. S., Chap. 89, Secs. 9 and 10, to recover damages resulting from the death of a boy nearly eleven and a half years of age, his heirs being a mother, who is the administratrix, and three sisters. The plaintiff says that the defendant, while conducting an agricultural fair on hired grounds, allowed a person to erect and run a shooting gallery in which a twenty-two calibre repeating rifle was used; that a cartridge got lodged in the working parts of the rifle, and while the person in charge of the gallery was trying to remedy the trouble, the rifle was accidentally and carelessly discharged and the bullet passed through the boy's head resulting in his death.

The defendant offered no evidence, but at the close of the plaintiff's testimony requested the presiding Justice to direct a verdict for the defendant, and upon the refusal of the Justice to so rule the defendant seasonably excepted. The jury returned a verdict for plaintiff in the sum of $1873.33. Defendant then filed a motion for a new trial on the usual grounds. As the exceptions and the motion raise the same questions they will be considered together.

The evidence satisfactorily establishes the proposition that the boy met his death from the accidental discharge of the rifle, but the defendant urges that it should not be held liable for the damages resulting from that death. It says that the evidence does not show that the fair grounds were hired or the fair conducted by this defendant. A detailed discussion of the testimony upon this point would not be profitable, for this question was submitted to the jury under

instructions which we assume were full and correct since the charge of the presiding Justice is not reported, and we are not disposed to disturb this feature of the verdict. It further says that it is not liable because all ordinary care was taken to protect the public, so far as a safe target was concerned, and that the accident was caused by the unfortunate manner in which the owner of the rifle attempted to remedy a trouble in the working of the rifle, and against this accidental result it says it was not bound to provide. We do not think this contention can prevail. The defendant says that the case at bar differs from *Thornton* v. *Agricultural Society*, 97 Maine, 108, and while this is partially true yet certain principles of law expounded in that case are applicable to this one. In that case our Court said, ''It is too well settled to need the citation of authorities, that if the owner or occupier of land either directly or by implication induces persons to come upon his premises, he thereby assumes an obligation to see that such premises are in a reasonably safe condition, so that the persons there by his invitation may not be injured by them or in their use for the purpose for which the invitation was extended. . . . . It was its (the defendant) duty to use reasonable care that there should be no traps or pit-falls into which the invited might fall, and that there should be no dangerous plays or sports, or exhibitions, by which the invited might be injured.'' In the case at bar there is no satisfactory evidence that the defendant took sufficient precautionary measures regarding the protection of the public from the careless handling of a dangerous firearm. Apparently it let the ground privilege for the shooting gallery and gave the matter no further attention. It is suggested that on the second day of the fair the target protection was enlarged but it does not appear that even this was the result of careful supervision by the defendant. In *Conradt* v. *Clauve*, 93 Indiana, 476, the Court said, ''The practice in target shooting appears to have been a part of the entertainment carried on at the fair, and as the defendants were the owners of the premises, and the managers and controllers of the fair, the practice in target shooting was a part of their exhibition, and under their supervision and control as much as any other part of the fair. And those having charge of it, while perhaps not strictly agents or servants of the defendants, were acting under the license and permission of the defendants; and such a relation existed between them as will hold the defendants liable for injuries resulting from their negligence

in not properly controlling the conduct and management of this part of their exhibition." Upon this principle of law, our own Court, in *Thornton* v. *Agricultural Society,* supra, said, "By inviting patrons to their fair they make themselves bound to use reasonable care to see that the fair in all its parts is safe and is conducted safely, whether the various parts of the fair are conducted and managed by the owners themselves, or with their permission, by license, independent contractors or lessees." In the case at bar the manner and means used by the owner of the shooting gallery to remedy the defective condition of the rifle seem to us to be clearly careless and negligent. To allow such negligence, or to let grounds to such a careless person, with no careful supervision, oversight or precautionary steps having been taken would seem to clearly fix the liability of the defendant so far as this branch of the case goes.

The only remaining point for discussion is the amount of the damages. In construing the act under which this suit is brought this Court has declared that "no damages can be recovered for any grief, distress of mind, loss of companionship or society, or injury to the affections, suffered by the beneficiaries. . . . The injury for which damages can be recovered must be wholly to the beneficiaries themselves, and it is limited to the pecuniary effect of the death upon them." *McKay* v. *Dredging Co.,* 92 Maine.

One of the beneficiaries, a sister, is already married and has a husband to support her. The other two sisters, older than the deceased boy, are not likely, in the ordinary course of human probabilities to be much affected pecuniarily by this death. The pecuniary effect upon the mother is the principal question. According to the testimony her expectancy of life is a little over twenty-five years. Had the boy lived, he would have been compelled by the laws of this State to attend school nearly five years longer and in that time at least would hardly be expected to contribute anything to the support of his mother. Assuming that during the next twenty years of his life he had been a dutiful son to his mother, had been industrious and frugal, and had not taken on other domestic burdens by marriage, he would have been of financial aid to his mother. All these elements, however, are more or less speculative. They are in the realm of possibility not the realm of certainty. During the earlier years following the school age the financial benefit must necessarily be small.

After a full consideration of all the situation the Court is of opinion that the verdict should not have been in excess of one thousand dollars. It is therefore ordered that if the plaintiff remit all the verdict in excess of one thousand dollars the motion is to be over-ruled, otherwise new trial to be directed. This order disposes also of the exceptions.

*So ordered.*