Jackiewicz v. United Illuminating Co.

There is error, the judgment is set aside, and a new trial is ordered.

In this opinion the other judges concurred.

POLIKARP JACKIEWICZ vs. THE UNITED ILLUMINATING COMPANY.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Great caution should be exercised by a trial judge in setting aside a verdict for error in his instructions to the jury, and he should do so only when entirely satisfied that his error is unmistakable, and unquestionably harmful.

When a minor child of tender years is permanently injured through the negligence of another, his father is entitled to recover damages for the loss or impairment of his earning capacity during the period of his minority without proof of such damages by evidence, for evidence of that character would, in most cases, be impossible to produce. The amount of such recovery must, necessarily, be in the nature of an estimate based upon conjecture and speculation and left, upon the facts proven, to the sound judgment, experience and conscience of the trier.

The jury should be instructed that, in estimating such damages, the extent of the father's recovery is the total diminution of the minor's earning capacity during his minority, that all the uncertain and contingent factors involved should be most carefully weighed, that the recovery must be limited to the present worth of the amount by which the earning capacity will be diminished between the ages of fourteen and twenty-one years, and that it must represent fair and reasonable compensation unaffected by any considerations of sympathy or sentiment.

Argued January 18th—decided June 28th, 1927.

ACTION to recover damages for loss of services, and medical expenses resulting from injuries to the plaintiff's minor son, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before Mar-

*vin, J.;* verdict for the plaintiff for $3,750, which the trial court set aside upon his refusal to file a *remittitur* of $2,965, and from this decision the plaintiff appealed. *No error.*

*Samuel Reich,* with whom was *Philip Reich,* for the appellant (plaintiff).

*Carl Foster,* for the appellee (defendant).

WHEELER, C. J.   The trial court ordered the verdict set aside conditionally on three grounds, (1) that there had been no evidence of pecuniary loss to the plaintiff from loss of earnings of his minor son, (2) that the instruction of the court upon this subject was inadequate, and (3) that the verdict in favor of the minor son had probably included the amount awarded the parent in this case for loss of the son's earnings during his minority and hence was excessive.

Nothing appears in the record which enables us to know, or which enabled the trial court to know, that the jury included, in the action brought in behalf of the son, the amount due his father for loss of the son's earnings during his minority.   If the jury followed the instruction of the court they did not include such amount.   Moreover, the verdict in the action brought in behalf of the son was not set aside by the trial court as excessive, because of the inclusion of such earnings.   The setting aside of a verdict by the trial judge for error in his instruction to the jury should be exercised by him with great caution, and never done, unless he is entirely satisfied upon the authorities or the statutes, that his error is unmistakable and must have been unquestionably harmful. The conclusion as to the inadequacy of the charge is predicated by the court upon its failure to charge that

special damages cannot be recovered without proof of them by evidence. *Tomlinson* v. *Derby*, 43 Conn. 562, 567; *Smith* v. *Whittlesey*, 79 Conn. 189, 191, 63 Atl. 1085.

This rule is not applicable to the action brought by a parent for loss of earnings of a minor child of tender years resulting from injuries suffered by the minor through the negligence of another. Evidence of loss of earnings of an adult, and perhaps of a boy between fourteen and twenty-one, may be available, but evidence of the loss of earnings of a minor child, three and one half years of age, from the time he suffered injuries from the negligence of another to the time when he shall become twenty-one, is problematical and speculative. It is uncertain what part of this period he will live, or what his condition of health will be during such period. It cannot be told what character, competency and capacity or personality he may develop, or what field of usefulness he may be fitted for, or what his earnings will be. To procure evidence of the future earning capacity of a child of tender years would, in most cases, be impossible, and result in the denial of a recovery by a parent for such loss. At best the ascertainment of the loss for a personal injury to an adult is difficult and incapable of exact measurement, but in the case of the minor child it depends upon so many contingencies as to be incapable of definite ascertainment and must be largely an estimate based upon conjecture and speculation weighed in the light of experience, and left, upon the facts proven, to the sound judgment, experience and conscience of the trier, court or jury, whose judgment or verdict will not be disturbed unless it be so unreasonable as to be excessive, when the court will cause the excess to be remitted, or order a new trial. *Gorham* v. *Cohen*, 102 Conn. 567, 570, 129 Atl. 523; *Birkett* v.

*Knickerbocker Ice Co.,* 110 N. Y. 504, 18 N. E. 108; *Netherland-American Steam Navigation Co.* v. *Hollander,* 59 Fed. 417; *Stotler* v. *Chicago & Alton Ry. Co.,* 200 Mo. 107, 142, 98 S. W. 509; *Blackwell* v. *Hill,* 76 Mo. App. 46, 54; *Dalton* v. *St. Louis Smelting & Refining Co.,* 188 Mo. App. 529, 543, 174 S. W. 468; *Curran* v. *Lewiston, A. & W. Street Ry. Co.,* 112 Me. 96, 99, 90 Atl. 973; *Trapp* v. *Rockford Electric Co.,* 186 Ill. App. 379; *Graffam* v. *Sacco Grange,* 112 Me. 508, 92 Atl. 649; *Stockton* v. *Pennsylvania R. Co.,* 182 Fed. 282; *Galligan* v. *Woonsocket Street Ry. Co.,* 27 R. I. 363, 365, 62 Atl. 376; note to *Bond* v. *United Railroads,* Anno. Cas. 1912C, 58 (159 Cal. 270, 113 Pac. 366); Sutherland on Damages (4th Ed.) § 1247, and pp. 4922, 4936; Watson on Damages for Personal Injuries, § 514.

The trial court instructed the jury that if they found in favor of the plaintiff's father, the recovery should include whatever loss of earnings they might find would result from the impairment of his son's earning capacity from the time he went to work until he became of age, and that the jury were bound to consider the fact that the son is subject to all of the ordinary vicissitudes of life; that he is no more free from accident, sickness and death than anybody else, and that any award made for his impaired earning capacity in the future represents a present cash payment to him.

As far as it went, the instruction was correct. The father was entitled to recover reasonable payments made by him for the cure and care of his son, and for any loss suffered by him from the impairment of his son's earning capacity during his minority. The instruction should have pointed out that the extent of the damage for the loss of the minor's services was his total earning capacity, since the father was bound

to support his son during his minority, after as before his injuries. *Galligan* v. *Woonsocket Street Ry. Co.,* 27 R. I. 363, 365, 62 Atl. 376; 2 Sedgwick on Damages (9th Ed.) § 487.

It should also have pointed out with greater emphasis the contingencies which made an award for the prospective earnings of the minor necessarily a matter of conjecture and speculation and imposed upon the jury the most careful weighing of all the factors involved in determining what the prospective earnings of the minor were. The instruction should have made it clearer to the jury that their estimate of prospective earnings of the plaintiff's son should be confined to finding the present worth of the total estimated amount by which the son's earning capacity was diminished during the period of his minority from fourteen to twenty-one years when he might under our law be free from the obligation of attending school. The court should also have instructed the jury as to the method of ascertaining the present worth. That is, that the jury should first find the total diminution of the minor's earning capacity during all of this period, reaching their estimate after a consideration of all of the facts in evidence weighed in the scales of their own experience, and making all reasonable deductions for the contingencies to which we have referred, and then ascertaining the sum which would represent the present worth of the ascertained loss from the diminution of earning capacity. *Kost* v. *Ashland Borough,* 236 Pa. St. 164, 169, 84 Atl. 691. The instruction upon such a subject should also ordinarily contain a caution to the jury that the sum so awarded for the loss by a parent of the minor's earnings should be such as would fairly and reasonably compensate him for such loss, and that in making their estimate the

jury should be careful to separate sentiment from the ascertainment of the pecuniary loss.

The trial court ought not to have set aside the verdict conditionally without making an allowance for the loss to the father of the estimated earnings of the son. While the *remittitur* of $2,965 conditionally fixed by the court was greatly excessive, the jury were entitled to have found an award of substantial proportions for such loss of earnings, and the court in setting aside the verdict conditionally should have made a reasonable allowance for such loss. The opinion in the case of *Edward Jackiewicz, ante,* p. 302, determines the several matters contained in defendant's bill of exceptions and finds error in the instruction to the jury in reference to some of these matters. Under these circumstances, we are unable to order a judgment to be entered upon the verdict for such amount as would include such loss of earnings—a new trial is unavoidable.

There is no error.

In this opinion the other judges concurred.