## KNIGHT REALTY COMPANY, INC.
*vs.*
## JOHN CASERTA, ET AL.

Superior Court          Fairfield County          File No. 55929

MEMORANDUM FILED JUNE 13, 1939.          126 Conn. 162

*Charles Weingarten,* of Bridgeport, for the Plaintiff.

*Friedman & Friedman,* of Bridgeport, for the Defendants.

McEVOY, J. It was interesting to observe the ebb and flow in the trial of this case.

The plaintiff sought to recover a commission from one of the defendants with whom he, admittedly, never previously talked.

In addition to this he testified very frankly that, even upon the trial, he was uncertain as to whether he then made any claim against this defendant.

Upon this phase of the matter the jury were instructed, in part, as follows: "The fact that the plaintiff did not know, at the time, that Susan (the undisclosed principal) had no connection with the property cannot, in and of itself, prevent the plaintiff, when he brought his action or at this time, from making his claim against Susan."

It may be surmised that the jury found it difficult to accept this proposition of law and to apply it to the facts as found.

It, no doubt, sounded arbitrary to them, although it is, in fact, based on a sound and just principle.

This was a case in which the jury was called upon to exercise its exclusive function of according weight and credibility to many items of evidence. It may be seriously doubted that the jury ever arrived at the question of the responsibility of the undisclosed principal, Susan, and it may very well have been that the jury found the issue of fact as to the making of *any* agreement in favor of the defendant.

Upon the argument of this motion stress was laid upon claimed error in certain portions of the charge.

"Great caution should be exercised by a trial judge in setting aside a verdict for error in his instructions to the jury, and he should do so only when entirely satisfied that his error is unmistakable, and unquestionably harmful." *Jackiewicz vs. United Illuminating Co.*, 106 Conn. 310.

Therefore, the motion to set aside this verdict is denied.