CORA E. MARTIN vs. JAMES K. O. SHERWOOD, RECEIVER, ET AL.

First Judicial District, Hartford, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

Until final judgment has been rendered no appeal can be taken to this court.

A decision sustaining a demurrer to the complaint is not in itself a final judgment, although it may under certain circumstances foreshadow and lay the basis for such a judgment.

Argued and decided Oct. 1st—opinion filed Dec. 20th, 1901.

PLEA in abatement filed in this court at the opening of its March term, 1901, by the town of Winchester, one of the defendants, to an appeal of the other defendant, Sherwood, receiver, and referred, together with the answer of the appellant, to the Hon. Dwight Loomis, a State Referee, who found and reported the facts arising thereon and submitted the questions of law to this court.

*Samuel A. Herman,* for the town of Winchester, in support of the plea in abatement.

*Frank B. Munn,* for Sherwood, receiver, in opposition to the plea.

PRENTICE, J. This action was originally brought against the defendant receiver. Upon the motion of the defendant the town of Winchester was cited in as a codefendant. The defendant receiver then answered, incorporating in his answer a statement of facts in the form of a complaint charging liability upon the defendant town. The town thereupon demurred to both the complaint and said answer. This demurrer was sustained by memorandum filed July 13th, 1900. In October a trial to the jury was had of the issues between the plaintiff and the defendant receiver, and a verdict for $500 rendered in favor of the former. On December 15th,

Martin *v.* Sherwood, Receiver, et al.

1900, the court rendered judgment for damages and costs against the defendant receiver, and also that the defendant town be dismissed from the case with certain costs against said receiver. The receiver immediately filed his notice of appeal from said judgment, and thereupon proceeded to perfect his appeal.

The defendant town pleads in abatement in this court, for the reason that the appeal proceedings, as against it, were not seasonably taken. It is contended, and this is the only contention urged in the brief in support of the plea, that the action of the court in sustaining the town's demurrer was a final judgment in its behalf, and that therefore the right of appeal therefrom was lost by failure to take any action looking to an appeal until some months later.

This contention, we think, is not well founded. The court simply sustained the town's demurrer. This alone did not amount to final judgment dismissing the town from the case. It might furnish the foundation for such a judgment, if amendment should not be made. The rights of the parties as against the town were not finally foreclosed by the ruling upon the demurrer. The town was still in court. The case against it was still open. Judgment might still be rendered against it upon amended pleadings. As a result of our statutes relating to the right of amendment and under our modern practice, for reasons sufficiently indicated above, judgment does not necessarily and as a matter of course follow decisions upon demurrer. There is no judgment, not even a defeasible one such as counsel for the town ingeniously suggest, until one is expressly rendered. In this case judgment was never asked for in the town's behalf until after the jury's verdict. The judgment word was never spoken until the judgment file of December 15th. Clearly, therefore, there was no final judgment in favor of the town from which an appeal might be taken until that date.

The report of the State Referee is accepted and the plea in abatement overruled.

In this opinion the other judges concurred.