## HORACE M. GRAY *vs.* ALBERT MOSSMAN.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A written expression of opinion by a captain respecting the fitness for
promotion of a member of his company, and the probable effect of
such promotion upon the company and the military service, made in
response to a request from his superior officer, is upon its face a
privileged communication, and can become actionable only upon
proof that the statements therein contained were not only false and
defamatory but were published with malice, that is, with an un-
justifiable motive.
In the present case there was an entire absence of any evidence of
malice, and therefore the action of the trial court in setting aside
a verdict for the plaintiff was sustained.
No finding of facts is required upon an appeal from the action of the
trial court in setting aside a verdict as against the evidence. All
that is necessary is a certification of the evidence, a copy of which
must be provided for that purpose by the appellant at his own
expense.

Argued April 21st—decided June 10th, 1914.

ACTION to recover damages for an alleged libelous
publication, brought to the Superior Court in Fairfield
County and tried to the jury before *Greene, J.;* verdict
for the plaintiff for $500, which the trial court set aside
as against the evidence, from which the plaintiff ap-
pealed. *No error.*

*Joseph A. Gray,* for the appellant (plaintiff).

\* *Homer S. Cummings,* for the appellee (defendant).

WHEELER, J. The plaintiff was a sergeant in the
6th Company, Coast Artillery Corps, Connecticut

---

\* Mr. Cummings had no connection with this case until it reached
this court on appeal.

National Guard. The defendant was the captain of the company and charged with the duty of filling a vacancy in the office of first sergeant in the company. It was probable that the office of second lieutenant in this company would be vacant. The plaintiff wished to fill this position, and to that end he saw the defendant captain at his home and said that he would like to be first sergeant for a few weeks. The captain told him he should not appoint him, but should appoint Sergeant Rooney. Thereupon the plaintiff severely criticised the captain, and informed him that if he appointed Rooney first sergeant and did not call an election for second lieutenant, he would apply for a court-martial on the captain. Subsequently the plaintiff's father wrote the colonel commanding the corps, of which this company was a unit, complaining of the treatment of his son, the plaintiff, by the defendant captain, and of the proposed appointment of Rooney as sergeant, and threatening a court-martial if the proposed action were taken. The colonel transmitted the letter to the defendant in his official capacity for his indorsement, who returned it to the colonel with this indorsement upon it:—

"Sixth Co., C. A. C., C. N. G.,
        Norwalk, Dec. 22, 1909.

Respectfully forwarded to the Adjutant C. A. C., with the explanation that Sergt. Horace M. Gray, is an unusually bright, clever man, but has such an unfortunate personality that if he advanced higher the company would suffer grievously. The commanding officer, C. A. C., knows Sergt. Betts. Sergt. Frank Rooney, an ex-sergeant of the regular army, has the confidence of his officers and the respect of the men.

ALBERT MOSSMAN,
        Capt. 6th Co., C. A. C., C. N. G.,
                Commanding."

The colonel thereupon made his own indorsement upon the letter and sent it to Mr. Gray, the father of the plaintiff. This action is based upon the words contained in the indorsement of the defendant captain upon Mr. Gray's letter. The publication was admitted.

The plaintiff alleged and claimed that the defendant meant by these words that the plaintiff's "personality was so miserably atrocious and so heinous and criminal, as that it would dissipate and destroy a militia company, and destroy the efficiency and usefulness of a militia company of the State of Connecticut, if he were given a commission therein. And that the plaintiff was not worthy of and did not have the confidence of his superior officers or the respect of the men, and was not entitled to confidence and respect, and could not be trusted."

The defendant claimed the words meant that the plaintiff's qualities and characteristics unfitted him for a higher command in the company, and that this unfitness in no way related to his moral character, mental competency, or military knowledge.

The court charged the jury that it was for them to determine the meaning of the words used, but that the words were "calculated to injure the plaintiff in the line of his military profession, to prevent his advancement therein and deprive him of the emoluments thereof, and are, therefore, actionable *per se.*"

There was no evidence before the jury that these words were used in the sense claimed by the plaintiff.

We do not stop to consider whether the use of the words in the sense claimed by the defendant, which clearly seems their natural meaning, made them words actionable *per se* or not. The plaintiff could not in this particular have had a more favorable charge. Assuming that the words are actionable *per se*, a verdict for the plaintiff was the inevitable result, unless the de-

fendant established his justification of the truth, or his plea that the publication was made in the line of his military privilege.

Upon the subject of privilege the court charged: "In this case, I instruct you, that if you find that Col. Fitch, his superior officer and colonel of his regiment, sent Mr. Joseph A. Gray's letter relating to the promotion of plaintiff, to the defendant for explanation or endorsement, at a time when a first sergeant was about to be appointed, and when an election of lieutenant was under consideration, then the defendant was privileged to make and send to such colonel, an endorsement on it for the information of his said superior officer and colonel, as to the effect which such promotion would have on the company and the military service, although the matter therein was defamatory, and false, provided such communication was made in good faith, and belief in its truth, with intent to perform defendant's duty to the company and the service."

It was undisputed that Col. Fitch did send this letter to the defendant, for explanation or indorsement, at a time when the appointment of a first sergeant was under consideration. The court was correct in stating that the indorsement made under these circumstances was privileged if made without malice. So that the issues in controversy for the decision of the jury were: (1) were the words false? (2) were they made in malice?

On the evidence the conclusion,—that the words, used as they were, merely in their natural sense, describing the plaintiff as possessed of an unfortunate temperamental personality,—was true. Further, if the jury had properly found these words to have been false, under the charge they must have found that they were published in the exercise of a military privilege. In order to hold the defendant liable for publishing a privileged com-

munication of that character, it was essential for the jury to have found that the defendant was actuated by malice in making the publication. In answer to an interrogatory the jury so found. Malice in this sense means that the defendant was actuated by an unjustifiable motive. We have searched the evidence in vain to satisfy ourselves that this conclusion could be reasonably reached from the evidence. We are of the opinion the trial court did not err in granting the motion to set aside the verdict.

The refusal of the court to order either the defendant or the clerk of the court to furnish a copy of the stenographer's minutes, and its order that the plaintiff furnish such copy for the purposes of his appeal, accorded with our practice. General Statutes, § 805; *Lynahan* v. *Church*, 82 Conn. 132, 72 Atl. 726.

The court's refusal to make a finding was not erroneous; none such was required in a case of this kind.

The criticism of the judge's memorandum of decision is wholly without merit.

There is no error.

In this opinion the other judges concurred.