MARY GALLIGAN *vs.* THE CITY OF WATERBURY ET AL.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

To recover damages for injuries resulting from falling into a coal-hole, the plaintiff sued the City of Waterbury, in front of whose municipal building the hole was located, and one J. M., a coal merchant who had delivered coal into the hole several hours prior to the accident. During the trial, three years after the accident and while the jury were viewing the premises, one E. M., in their hearing, characterized the hole as a menace, and counsel for J. M. demonstrated to them, with assistance from another, that at that time the cover of the hole could be unseated by stepping upon it, though placed in position with all possible care. The court then denied the city's motion for discharge of the jury, instructing them to disregard the occurrence; but later, after a verdict which, as ultimately corrected by the court, was in favor of J. M. and against the city, concluded that the jury had disobeyed its warning, and set aside the verdict against the city. *Held* that all subsequent proceedings at the trial were vitiated by the incurably vicious misconduct in question, and hence that not only the verdict against the city, but also that in favor of J. M., must be set aside, and a new trial ordered against both defendants.

Argued April 11th—decided July 27th, 1923.

Galligan *v.* Waterbury.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendants, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* the jury returned a verdict for the plaintiff to recover $5,000 "of the defendants," which the trial court, upon motion after a hearing, corrected so as to set forth a recovery of $5,000 against the City of Waterbury and in favor of the defendant McElligott; later the court set aside the amended verdict against the City because of conduct and remarks prejudicial to it during a view of the premises by the jury, but refused to set it aside in so far as it was in favor of the defendant McElligott, and from these rulings the plaintiff appealed. The defendant City also appealed from the judgment in favor of the defendant McElligott. *Error and new trial ordered against both defendants.*

This action, to recover damages for injuries caused by the plaintiff falling into a coal-hole in front of one of the municipal buildings of the City of Waterbury, was brought against the city and against one McElligott, a coal merchant, who had delivered coal into the coal-hole several hours before the accident happened. The complaint was in two counts, but the only count submitted to the jury was based on an alleged defect in the highway due either to the cover being defective and loose for a time sufficient to charge the defendant city with knowledge of the defect, or to the negligence of McElligott's servants in failing to replace it securely in position.

At an early stage of the trial the jury viewed the premises, and on that occasion certain comments and demonstrations were made in the hearing and presence of the jury, referred to in detail in the opinion, on account of which the defendant city moved to discharge the jury and for a new trial, which motion was denied.

The jury returned a verdict against both defendants and were discharged. But within a few moments thereafter several of the jurors notified the court and plaintiff's counsel that they had not intended to render a verdict against the defendant McElligott. The court called the jury back and sent them into the juryroom, and at that time oral motions that the jury be interrogated as to the correctness of the verdict, and that the verdict be corrected either by the court or by a new verdict brought in by the jury, were made and denied. The defendant McElligott then filed a written motion, supported by affidavits of all the jurors, that the verdict be corrected; and a hearing was thereafter had at which each of the jurors testified that the verdict reported was not the verdict arrived at in the juryroom, and that the verdict they reached and intended to render was a verdict in favor of McElligott and against the city. The court so found and ordered the verdict corrected accordingly.

Upon the same day the court granted motions made by the defendant city to set aside the corrected verdict against the city, as against the evidence, and in arrest of judgment against the city on the ground that the city had been unfairly prejudiced in its defense by the demonstration and comments already mentioned.

Plaintiff appeals from the ruling and action of the court in correcting the verdict, and from its rulings and action in setting aside the corrected verdict and in arresting judgment against the city. The City of Waterbury appeals from the ruling and action of the court in correcting the verdict so as to make it a verdict in favor of McElligott, in entering judgment upon the corrected verdict in favor of McElligott, and for alleged errors in the charge and in one ruling on evidence.

*Clayton L. Klein,* for the appellant (plaintiff).

*Ulysses G. Church,* with whom, on the brief, was *Philip N. Bernstein,* for the appellant (defendant City of Waterbury).

*Walter E. Monagan,* for the appellee (defendant McElligott).

BEACH, J.   The motion in arrest of judgment against the City of Waterbury was, in effect, a motion for a new trial for misconduct unfairly prejudicial to the defendant city.   A motion to discharge the jury and for a new trial was made and denied at the time of the occurrence, and the jury were then, and again in the charge, instructed to pay no attention to what had taken place outside of the court room.   After the verdict had been rendered and corrected, a motion in arrest of judgment was filed, and the trial court being then of opinion, as stated in its memorandum, that "the verdict actually rendered would seem to indicate that they [the jury] failed to heed the warning of the court not to be influenced by anything that was said and done at the time that they visited the premises," granted the motion.   On the same day the court corrected the original verdict against both defendants so as to make it a verdict against the defendant city and in favor of the defendant McElligott, and also granted the motion by the defendant city to set aside the corrected verdict against the city of Waterbury, as against the evidence.   Each of these rulings is challenged.   In their chronological sequence the correction of the verdict came first and the arrest of judgment last; but since the judgment was arrested for misconduct occurring at an early stage of the trial, we take up that ruling first.

It appears that McElligott was joined as a defendant on the theory that the insecurity of the coal-hole cover was, or might be, due to some negligence of his servants in failing to replace the cover securely, or in leaving fragments of coal under its edge. McElligott took the position that his servants had not been negligent, and that the insecurity of the cover was due wholly to some inherent defect for which the city alone was liable. The result was that each defendant was attempting to shift upon the other responsibility for the plaintiff's injury. Under these conditions, while the jury were viewing the premises, one Edward McElligott, in the presence and hearing of the jury, expressed his opinion that the coal-hole was a menace and ought not to be allowed to remain in its present condition. Upon the same occasion counsel for the defendant McElligott, in the presence of the jury, removed the cover of the coal-hole and cleaned the dirt from the groove of the casing into which the cover fitted, and then Edward McElligott and one Tanner gave a demonstration to the jury of how the cover could be unseated by stepping on it.

This demonstration and comment appears to have been not only for the benefit of the plaintiff, but also for the benefit of the defendant McElligott, whose counsel took part in demonstrating the fact, three years after the accident, that the cover could be unseated by stepping on it though replaced in position with all possible care.

The jury were thus permitted to receive information highly prejudicial to the defendant city and highly advantageous, not only to the plaintiff, but to the defendant McElligott, at a time and place when the court was not in session. This was manifest error. The trial court attempted to cure the error as best it could, but after verdict expressed its opinion that

it had not succeeded in doing so, and for that reason granted the motion in arrest of judgment. In effect the court reversed its ruling on the original motion to discharge the jury and for a new trial, after it became convinced that the city had been harmfully prejudiced by the misconduct complained of. In doing so the court was manifestly right. This disposes of the plaintiff's appeal.

Then the remaining question on the defendant's appeal is whether the new trial should be ordered against both defendants, or whether the court erred in allowing the defendant McElligott to take the benefit of this misconduct and in entering judgment in his favor. In this respect we think the court erred. The misconduct being incurably vicious necessarily vitiated all the subsequent proceedings leading up to the verdict against the defendant city, and must necessarily have influenced the jury not only in reaching a verdict against the defendant city, but also in reaching a verdict in favor of the defendant McElligott. A new trial must therefore be ordered against both defendants. This conclusion makes it unnecessary to determine any of the other questions presented by this appeal.

On the appeal of the City of Waterbury there is error; the judgment in favor of the defendant McElligott is set aside, and a new trial is ordered against both defendants. On the plaintiff's appeal there is no error.

In this opinion the other judges concurred.