## WILLIAM D. MUNSON vs. WARREN S. ATWOOD.

Third Judicial District, New Haven, June Term, 1928.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and YEOMANS, Js.

Argued June 7th—decided July 27th, 1928.

*Morris L. Robin,* with whom, on the brief, was *Benjamin Robin,* for the appellant (plaintiff).

*John E. Whalen,* with whom, on the brief, was *Michael V. Blansfield,* for the appellee (defendant).

WHEELER, C. J. This case is an appeal to the Court of Common Pleas at Waterbury from the judgment of a justice of the peace to recover the balance of the purchase price of six cows sold by the plaintiff to the defendant, the amount involved being less than $100. The case was put to the jury and occupied in its trial one day and the larger part of another. The verdict was for $92.25. To try this case cost the State probably at least $400. The interest of the State in the waste involved, the large amount of time taken in the trial to the jury and the liability to congestion in jury business in our larger counties, make it necessary, from a practical standpoint, that cases of this character should be tried to the court rather than the jury. Counsel should use their utmost endeavor to prevail upon clients to have their appeals from justices of the peace tried to the court rather than to the jury.

The defendant moved to set the verdict aside because it was against the evidence, and because the court inadvertently placed too great a burden upon the defendant. The court set aside the verdict upon the ground that "although in the instant action the court charged the jury to disregard improper remarks and comments of counsel for the plaintiff and of counsel for the defendant, made during the argument on the case, I now feel that the same were too prejudicial to have permitted a fair trial of the matters in issue." The ground upon which the court set aside this verdict was not one of the grounds upon which the defendant's motion was predicated. Neither of the counsel claim, or could claim successfully, that the ground for setting aside a verdict because it was against the evidence included within it the claimed prejudice because of improper remarks and comments of counsel. The appellant puts his appeal upon the claim that the court had no right to set the verdict aside for any

other reason than those specified in the motion, and that the setting aside of the verdict was an unreasonable exercise of its discretion. The appellee's position is, that the court acted within its legal discretion in setting aside the verdict, and that so long as the record does not disclose what language was used by counsel the court has nothing before it "which enables it to say that the trial court abused the legal discretion with which it was invested." Counsel for the appellant misconceives the extent of power vested in the court to set aside a verdict. It is not limited in its action to the ground or grounds stated in the motion. It has the inherent power to set aside a verdict where it finds it has made, in its instructions, rulings on evidence, or otherwise in the course of the trial, a palpable error which was harmful to the proper disposition of the case and probably brought about a different result in the verdict. Such power is indispensable to the proper administration of justice, otherwise the court would be powerless to undo the wrong it had unintentionally done in the course of the trial although it had become aware of the error it had made in time to right the wrong. We decided in *Brown* v. *New Haven Taxicab Co.*, 92 Conn. 252, 255, 102 Atl. 575, that the courts have this power; see also 20 R. C. L. 300. It should be remembered that the exercise of this discretion should be a wise discretion, to be sparingly exercised and only in instances when the error falls within the class we have described. In reaching its conclusion the court should take into consideration the imminent factors—the large expense the setting aside of the verdict will probably entail upon the litigant who prevailed on the verdict in protecting his rights on appeal, and the expense it will impose upon the State in the printing and making up of the record and in the disposition of the appeal.

The ground for setting aside the verdict in this motion, that it placed too great a burden upon the defendant, can mean but one thing, that this burden was imposed either as a result of the rulings on evidence, or otherwise, in the course of the trial, or of the instructions to the jury. We do not understand that counsel for the appellant persist in this claim. Let us examine this record with a view to ascertaining whether, under our procedure, opportunity is given us on this appeal to consider the error raised by the appeal as to whether the court exercised its discretion unreasonably in setting aside the verdict. Errors based on rulings on evidence in a jury case cannot be determined on appeal by us without having before us the findings of facts claimed to have been proven by the respective parties and the special finding of facts called for by §4, p. 307 of Connecticut Practice Book. Instructions to the jury cannot be considered by us unless we have before us the findings of facts claimed to have been proven by the respective parties. Neither can any other rulings made in the course of the trial or while the case is in the hands of the trial court for judicial action, be considered by us without a finding of the facts surrounding the ruling. Without that we have nothing upon which to predicate a decision. A finding of facts showing the facts as claimed to have been proven, and the precise language used which the court held to be improper as nearly as the same can be given, together with such of the issues as were involved in the language used, with a fair statement of facts showing the resulting prejudice or the reverse from the use of this language, is essential to our determination as to whether the use of the language was improper and legally harmful. *Farrington* v. *Cheponis*, 84 Conn. 1, 4, 78 Atl. 652. It must be conceded that a knowledge of the improper re-

marks and of the setting in which they were used is necessary, in order to enable us to determine whether the remarks used were improper and if so, whether the court exercised its discretion unreasonably. The evidence is made a part of the record; it had no place in the record. Its printing involved an unnecessary expense upon the State and its certification was in violation of our repeated admonitions to trial courts. We have no power to find facts, and no power to go to the evidence to find facts, and both counsel and court should have governed their course by this. We cannot go to a memorandum of decision by the trial court to ascertain the facts of the case unless the memorandum is made a part of the finding, and we have disapproved of the making of a memorandum a part of the finding for the purpose of making its findings a part of the facts of the case. *Crighton* v. *Jacobs,* 100 Conn. 281, 283, 123 Atl. 437. Our practice requires that every instruction, every ruling on evidence, or in the course of the entire trial, shall be tested on appeal in the light of the facts appearing in the finding in relation to the instruction or ruling. *Gray* v. *Mossman,* 88 Conn. 247; 90 Atl. 938; *Farrington* v. *Cheponis,* 84 Conn. 1, 4, 78 Atl. 652. We cannot go to the charge in order to ascertain what the facts are upon which any instruction or ruling was made, any more than we can go to the memorandum of decision. In the case before us we have no finding concerning the improper remarks which caused the trial court to set aside the verdict. The charge covers this point with apparent fullness, but we have no right to take the statements made in the charge as facts; they are helpful statements to aid the jury in their conclusions, but do not conclude the jury from finding the facts. The only available source of facts on any appeal is the finding as provided for by statute. If in this case we

took the facts from the charge as to the improper remarks, we should be going to a part of the record for the facts which was improperly certified to by the court, since neither the evidence nor the entire charge was necessary for the determination of whether the remarks were or were not improper.

A search of the many cases where the subject of improper remarks of counsel formed a part of the appeal before this court fails to disclose but a single instance where there has not been some form of a finding of the facts as to the improper remarks. Nor do we find an instance where the claim has been made that this court had the right to accept as facts on the appeal the statements of fact in the charge to the jury and determine upon them the question, whether the trial court has exercised its discretion unreasonably. Counsel for the appellee do not go so far as to assert the right of this court to take the statement of the facts as found in the charge as a statement of a finding upon appeal. Their position is, we repeat, that the court was acting within its legal discretion, and that since the record does not disclose the improper language used by counsel the court has nothing before it "which enables it to say that the trial court abused the legal discretion with which it was invested." This is an essentially sound position.

We cannot pass upon the court's exercise of its discretion in setting aside this verdict, since in the absence of a finding stating the improper remarks and showing their harmful effect we have no available basis for determining what the improper remarks were, or what their effect was upon the verdict reached, or whether the court exercised its discretion unreasonably or wisely.

There is no error.

In this opinion the other judges concurred.