THE STATE BANK AND TRUST COMPANY, GUARDIAN, *vs.* THE CONNECTICUT GENERAL LIFE INSURANCE COMPANY.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 3d—decided February 16th, 1929.

*Ufa E. Guthrie*, with whom was *James E. Cannon*, for the appellant (plaintiff).

*Lucius F. Robinson, Jr.*, with whom was *Francis W. Cole*, for the appellee (defendant).

WHEELER, C. J. A verdict was rendered in favor of the plaintiff, which the trial court, on motion of the defendant, set aside, from which decision the plaintiff appealed, and defendant filed its bill of exceptions to the rulings of the court and to portions of the charge, which the court allowed.

Subsequently plaintiff made application to the court to make a finding for the purpose of properly presenting questions of law arising in the case, for the revision of errors in rulings on evidence and for errors in the charge. Defendant moved that the application be denied for the reasons that (1) the only appeal in such case is that provided in General Statutes, §5841 —from the granting of the motion to set aside the verdict; (2) there is no provision in the statutes in such case for an appeal for errors made in the trial, and (3) no final judgment has been rendered from which an appeal can be taken. The court granted this motion. The last ground does not accord with our procedure. There is no distinction between the decision setting aside the verdict and the judgment referred to in General Statutes, §5822, from which an

appeal is taken. Both are final judgments. *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 87 Atl. 587.

Where a verdict has been set aside, the appeal provided for in §5841 is the only method of appeal known to our practice. It requires all the evidence in the case to be made a part of the record, and upon this evidence the single question is presented, did the trial court err in setting aside the verdict? For the solution of that question no finding is required. *Gray* v. *Mossman*, 88 Conn. 247, 251, 90 Atl. 938. In the determination of that issue the errors of the court in the course of the trial are, wholly irrelevant since, despite them, the jury rendered its verdict upon the evidence in favor of the plaintiff, hence it was not prejudiced by these alleged errors.

It is manifest that the failure of the statutes to grant to the plaintiff the right to have the errors committed by the court passed upon in review by this court may seriously prejudice it, as it well might every litigant similarly situated.

If the plaintiff shall prevail in its appeal from the setting aside of the verdict, but, because of error found on the appellee's bill of exceptions, a new trial is ordered, it may on the retrial again encounter the same rulings as in the first trial and cannot have these reviewed if it secures a verdict which is again set aside, nor in any event have these claimed errors reviewed unless the verdict goes against it and it takes its appeal from claimed errors made by the trial court in the course of the trial. On the other hand, the defendant, by statutory provision, has the privilege of applying to the trial court for the allowance of its bill of exceptions setting forth claimed errors made in the course of the trial adverse to it, and if the appeal should be allowed this court must determine the questions raised on the

bill of exceptions and likely to arise on the new trial, so that on the new trial the defendant has the advantage of definitely knowing the court's attitude upon these claimed errors.

A like privilege should be given the plaintiff, not only in the interest of treating each party to the appeal alike, but also in the interest of the State, that claimed errors made in the course of the trial may be disposed of as expeditiously as is reasonable. Such privilege can be accorded only through statutory change.

The application of the plaintiff for an order requiring the trial judge to make and file a finding is dismissed.

In this opinion the other judges concurred.