ARELLA RAMON MARCIL vs. A. H. MERRIMAN & SONS, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 6th—decided December 20th, 1932.

*Clayton L. Klein,* for the appellant (plaintiff).

*John F. McDonough,* with whom, on the brief, was *Martin E. Gormley,* for the appellee (defendant A. H. Merriman & Sons, Incorporated).

*DeLancey S. Pelgrift,* for the appellee (defendant Mlynar).

MALTBIE, C. J.  The plaintiff brought this action against A. H. Merriman & Sons, Incorporated, the owner of a truck being operated by its agent in the delivery of milk, and against Samuel Mlynar, the driver of an automobile in which the plaintiff was riding, to recover for injuries received by her in the collision of the two cars, claiming negligence in the operation of each.  The jury returned a verdict against the Company and in favor of Mlynar.  The Company moved to set the verdict aside as against the evidence and the trial court denied the motion.  The issues raised on the trial had made it necessary for the court to charge the jury as to what constituted the traveled portion of a highway.  After the motion to set the verdict aside had been denied, we handed down our decision in *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336, 158 Atl. 906, in which we defined the traveled portion of a highway.  Thereupon the Company moved that the decision upon the motion to set the verdict aside be reopened or vacated upon the ground that our decision in that case materially affected its rights.  The trial court granted the motion and set the verdict aside as regards the Company upon the ground that its charge was erroneous in the light of that decision.  The

plaintiff thereupon appealed upon two grounds, the setting aside of the verdict against the Company and the failure of the trial court at the same time to set aside the verdict in favor of Mlynar.

There was no such connection between the issues raised as to the liability of Mlynar and that of the Company that the trial court might not properly set aside the verdict against the latter, without affecting that in favor of Mlynar. *Chapin* v. *Babcock*, 67 Conn. 255, 34 Atl. 1039; *Sparrow* v. *Bromage*, 83 Conn. 27, 29, 74 Atl. 1070; *Donnarumma* v. *Korkin*, 97 Conn. 223, 224, 116 Atl. 178. Had the plaintiff desired to raise the issue of the propriety of the verdict in favor of Mlynar, she should have moved to set it aside, which she did not do.

The verdict against the Company was set aside because of an error in the instructions of the trial court. A court has an inherent right to set aside a verdict upon such a ground. *Munson* v. *Atwood*, 108 Conn. 285, 288, 142 Atl. 737. A decision setting aside a verdict is not, however, a final judgment within the general appeal statute. General Statutes, § 5689; *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.*, 108 Conn. 304, 307, 142 Atl. 838. The rights of the parties have not been finally foreclosed by that ruling; they are still in court; the case is still open; judgment may still be rendered in favor of either. *Martin* v. *Sherwood*, 74 Conn. 202, 203, 50 Atl. 564. General Statutes, § 5693, authorizes an appeal from the decision of a trial court granting a motion to set aside a verdict as against the evidence; this affords the only method known to our law by which an appeal can be taken from the setting aside of a verdict; *State Bank & Trust Co.* v. *Connecticut General Life Ins. Co.*, 108 Conn. 680, 144 Atl. 782; it does not authorize an appeal from the setting aside

of a verdict for any cause other than the lack of evidence to support it. For the distinction between the two situations there is sound ground. Where the issue is as to the sufficiency of the evidence to support the verdict, a certification of the evidence affords the court the necessary and only basis for determining the question; but where it is sought to present to this court for review claimed errors in a charge, rulings on evidence and the like, a finding of facts is necessary; *Munson* v. *Atwood, supra;* and our procedure makes no provision for such a finding except upon an appeal from a final judgment.

In most of the cases where we have reviewed the action of a trial court upon a motion to set aside a verdict based upon some ground other than that of the insufficiency of the evidence to support it, the trial court has denied the motion, judgment has been entered upon the verdict, and the appeal has been from that judgment. In *Galligan* v. *Waterbury*, 99 Conn. 256, 122 Atl. 119, we considered an appeal from the setting aside of a verdict because of certain misconduct occurring while the jury were visiting the premises involved in the action and of the conclusion of the trial court that they had failed to heed the warning given them concerning the matter; and in *Jackiewicz* v. *United Illuminating Co.*, 106 Conn. 310, 138 Atl. 151, we reviewed the action of the trial court in granting a motion to set aside the verdict where three grounds were alleged in it, one of which involved the sufficiency of the evidence but the other two of which were based upon erroneous instructions; but in both these cases, by reason of another appeal from the judgment taken in the same case or of an appeal in a case tried with it, the court had before it a finding of the facts. In *Munson* v. *Atwood*, 108 Conn. 285, 142 Atl. 737, we had before us an appeal from the

granting of a motion to set the verdict aside based upon both insufficient evidence and errors in the charge; as to the latter ground we did not hold that no appeal would lie, but we did decide that in the absence of a finding we could not review the questions raised. In none of these cases was any question raised as to the propriety of an appeal from the granting of a motion to set the verdict aside for other grounds than the insufficiency of the evidence and the matter was not considered. We cannot find in them authority to justify the entertaining of an appeal clearly not warranted by the statute, now that the matter has come directly to our attention.

There is no warrant in law for such an appeal as the one before us. Whenever the absence of jurisdiction of a proceeding is brought to the notice of a court, cognizance of the fact must be taken and the matter determined before it can move a further step in the case. *Woodmont Asso.* v. *Milford,* 85 Conn. 517, 524, 84 Atl. 307. Jurisdiction to entertain a particular proceeding cannot be conferred by waiver or consent. *McDonald* v. *Hugo,* 93 Conn. 360, 364, 105 Atl. 709; *Savings Bank of Danbury* v. *Downs,* 74 Conn. 87, 89, 49 Atl. 913. Where there is no judgment or ruling from which an appeal can be taken, the attempted appeal must be dismissed, either on motion of the parties or by the court upon its own motion. *In re Application of Title & Guaranty Co.,* 109 Conn. 45, 51, 145 Atl. 151. In *Russell Lumber Co.* v. *Smith & Co.,* 82 Conn. 517, 74 Atl. 949, there was an attempt to appeal from the denial of a motion for a stay of execution; examination of the record of the case shows that no motion to dismiss the appeal or similar proceeding was taken; the court, however, refused to entertain the appeal. We said: "The statute provides for appeals only from final judgments. The present

appeal is not from such a judgment. It was therefore unwarranted and improper, and gives to this court no jurisdiction over the case. The appeal is erased from the docket." These decisions mark out our proper course.

As the statutes now stand, the fact that no appeal lies from the setting aside of a verdict, except upon the ground of the insufficiency of the evidence, emphasizes the caution we have heretofore expressed that trial courts should exercise great care in granting such motions, and should do so only when entirely satisfied that something has occurred in the course of the trial that is unmistakably erroneous and unquestionably harmful. *Jackiewicz* v. *United Illuminating Co.,* 106 Conn. 310, 138 Atl. 151. There would seem to be, however, no sound reason why the statutes might not be changed so as to allow an appeal in such a case, to be followed by any changes in the rules of this court necessary to make provision for a finding.

The appeal is erased from the docket.

In this opinion the other judges concurred.