Arthur Klein *v.* The Capitol National Bank and Trust Company et als.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.
Decided January 5th, 1938.

Per Curiam. On October 28th, 1937, the plaintiff recovered a verdict against all three defendants. They made a motion to set it aside, and the court, on November 16th, 1937, granted this motion as to two defendants but denied it as to the third. On November 30th, 1937, this defendant filed an appeal in which he stated that he appealed "from the denial of his motion to set the verdict aside and from the judgment." On December 1st, 1937, he asked and was granted an order extending the time in which to file assignments of error and a request for a finding and a draft-finding. The plaintiff filed a motion to erase the appeal from the docket and a plea in abatement, each stating as the ground upon which it rested that the defendant was attempting to combine in a single appeal one taken from the denial of the motion to set the verdict aside and one taken from the judgment. The defendant has filed a demurrer to the plea in abatement upon the ground that such a plea is not the proper proceeding to present the defect of which the plaintiff complains.

Speaking generally, a motion to erase an appeal

(685)

from the docket is proper where there is an attempt to take an appeal when it appears upon the face of the record that no appeal lies, as, for example, where the Supreme Court lacks jurisdiction; *Ragali* v. *Holmes,* 111 Conn. 663, 665, 151 Atl. 190; *Heard* v. *Heard,* 116 Conn. 632, 637, 166 Atl. 67; or where there is no final judgment from which an appeal can be taken. *Wardell* v. *Killingly,* 96 Conn. 718, 723, 115 Atl. 539; *Marcil* v. *Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 Atl. 411. On the other hand, a plea in abatement is the proper procedure where an appeal lies but the claimed defect is a failure to take the steps provided in the statutes and rules as necessary for its proper presentation to the court, a defect which makes the appeal voidable merely and not void. *Ghent* v. *Stevens,* 114 Conn. 415, 416, note, 159 Atl. 94. It is true that in *Joseph* v. *Donovan,* 116 Conn. 160, 161, note, 154 Atl. 498, it was ruled that the proper procedure to take advantage of a failure to file assignments of error within the time allowed was by motion and not by a plea in abatement, but that ruling is contrary to the otherwise uniform course of our decisions and it cannot be regarded as authority. In this case both of the attempted appeals would lie and the defect was properly presented by the plea in abatement and not by the motion. The demurrer to the plea in abatement is overruled.

The attempt of the defendant to combine in a single appeal one taken from the ruling on the motion to set the verdict aside and one from the judgment is contrary to the provisions of the rules now in effect and the approved practice before its adoption. Practice Book, § 338; *Ghent* v. *Stevens,* supra; *Markiavicus* v. *Bunnell Transportation Co., Inc.,* 119 Conn. 310, 313, 173 Atl. 914. The defendant took all steps necessary to pursue either appeal, by securing extension of time

within which to file the assignment of errors which accompanied the appeal from the denial of the motion to set the verdict aside and in which to file the request for a finding and a draft-finding, which would be the next step in perfecting the appeal from the judgment. The situation differs essentially from one where there has been a failure to take some necessary step in perfecting the appeal. In such a situation the defendant might have withdrawn either of the appeals and stood upon the other. Forthwith to abate the entire appellate proceedings would go beyond the necessities of securing a proper adherence to the provisions of our rules but that purpose can be accomplished by permitting the defendant, if he chooses to do so, to elect the appeal which he will pursue.

It is therefore ordered that if the defendant within two weeks after notice of this decision withdraws either the appeal from the denial of the motion to set the verdict aside or that from the judgment the clerk shall enter judgment overruling the plea in abatement, otherwise he shall enter judgment sustaining the plea.

The motion to erase the appeal from the docket is denied.