GEORGE CARRINGTON *v.* IRMA L. BREDICE ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 6—decided July 3, 1956

*William K. Lawlor,* for the appellant (plaintiff).

*Gordon R. Raynor,* with whom, on the brief, were

730

*David E. FitzGerald, Jr.,* and *Joseph M. Brandon,* for the appellees (defendants).

PER CURIAM. On this appeal the plaintiff has assigned as error (1) the court's denial of his motion to set aside the verdict, (2) the claimed refusal of the court to permit him to make some comment concerning the lights on the defendants' car and (3) the failure of the court to allow the plaintiff's attorney to cross-examine the defendant John Bredice. The record does not contain a finding. It is therefore impossible for us to ascertain just what were the rulings of the court at which assignments of error (2) and (3) are directed. It does not even appear that the court made any rulings of the nature indicated by those assignments. Accordingly, we are in no position to pass upon them. *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 681, 163 A. 411; *Munson* v. *Atwood,* 108 Conn. 285, 289, 142 A. 737; Maltbie, Conn. App. Proc., p. 98.

On the evidence produced at the trial, the jury might reasonably have found the following facts: At about 10 o'clock in the evening of December 10, 1952, the plaintiff started to cross from the west to the east side of North Main Street in Waterbury at a point near its intersection with Kingsbury Street. At the same time, the defendant John Bredice was driving an automobile owned by his mother, the named defendant, in a northerly direction on North Main Street at a speed of fifteen to twenty miles an hour. As he drove along, the right side of his car was about eight feet west of the east curb of the street. As the car was passing through the intersection of North Main Street and Kingsbury Street, the plaintiff was standing in the street but near the east curb of North Main Street about twenty-five

feet north of the intersection. When the defendants' car was about five to ten feet from the plaintiff, he stumbled and then fell backward against the right front fender of the car.

There is no merit to the plaintiff's claim that the undisputed evidence as to the physical facts was so contradictory to the facts as outlined above that the jury could not reasonably have found the latter. The denial by the trial court of the motion to set aside the verdict was correct.

There is no error.