## LEO HUBER *v.* THERESA PUDIM

INGLIS, C. J., BALDWIN, WYNNE and DALY, Js.[1]

Argued June 5—decided July 10, 1956

*Edward J. Donahue,* for the appellee (defendant).

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Emmet P. Nichols,* for the appellant (plaintiff).

INGLIS, C. J. The appeal filed by the plaintiff stated that he appealed to the Supreme Court of Errors "from the Decision of the Court denying the Motion to Set the Verdict Aside, and from the Decision of the Court denying the Motion to Arrest the Judgment . . . and for a New Trial." Since it did not purport to be an appeal either from the judgment or from the granting of a motion to set aside the verdict, it was defective and voidable upon a motion to dismiss seasonably made. General Statutes § 8003; *Lengel* v. *New Haven Gas Light Co.,* 142 Conn. 70, 72, 111 A.2d 547.

The principal question before us, therefore, is whether the appeal can be saved by the allowance of the amendment now proposed by the plaintiff, which states that he appeals from the judgment of the trial court. Since the original appeal was not void but only voidable, the legal effect of it was to give this court jurisdiction of the appeal until such time as this court ordered the appeal dismissed. The original appeal was effective to remove the case to this court from the trial court. It follows that this court now has authority to allow the proposed amendment of the appeal. *Klein* v. *Capitol National Bank & Trust Co.,* 124 Conn. 685, 687, 2 A.2d 489; *Union Trust Co.* v. *Stamford Trust Co.,* 72 Conn. 86, 95, 43 A. 555; Maltbie, Conn. App. Proc., § 139. The allowance of the amendment lies in the discretion of the court. In the present case justice requires that the amendment be allowed.

Orders may enter granting the plaintiff's motion to amend the appeal and denying the defendant's motion to dismiss the appeal.

In this opinion the other judges concurred.