DORA ROLLIN *v.* HOMESTEAD APARTMENTS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 6-6510-22214

Argued July 15—decided September 27, 1968

*L. Clayton Gery,* of New Haven, for the appellant (defendant).

*Arthur H. Ratner,* of New Haven, for the appellee (plaintiff).

PER CURIAM. After verdict and judgment for the plaintiff, the defendant appealed in the following form: "In the above entitled action, the defendant appeals to the Circuit Court from the judgment rendered therein, from the decision of the court in denying the Motion to Set Aside the Verdict, and the appellant desires to have reviewed the Court's rul-

ings upon the evidence during the course of the trial." The plaintiff within ten days of the filing of the appeal made the following motion to dismiss: "(1) That the appeal, as appears of record in 'Defendant's Appeal' appeals 'to the Circuit Court from the judgment rendered therein' and not to the Appellate Session and/or Appellate Division of the Circuit Court leaving the Appellate Session and/or Appellate Division of the Circuit Court without jurisdiction of the claimed appeal. (2) 'Defendant's Appeal' claims an appeal 'from the decision of the Court in denying the Motion to Set Aside the Verdict,' which is not appealable since a decision on a Motion to Set Aside a verdict is not a final judgment. (3) Since no proper appeal was taken within the fourteen days after the Motion to Set Aside the Verdict was denied on May 13, 1968, the Appellate Division of the Circuit Court is without jurisdiction of said appeal."

As to the first ground for dismissal, we are concerned with the question whether this court lacks jurisdiction. Section 51-265 of the General Statutes states: "Appeals from any final judgment or action of the circuit court . . . shall be taken to an appellate session of such court . . . ." Section 51-264 provides: "There shall be such appellate sessions of the circuit court throughout the state as are necessary for the review of cases on appeal, and the chief judge of the circuit court shall make the orders and assignments required for the maintenance thereof." Technically, the appeal in the present case does not comply with § 51-265, but it must be observed that an appellate session of the Circuit Court is not a separate and distinct court but an integral part of the Circuit Court system. Furthermore, the clerk of each circuit receives all appeal papers and for that purpose acts as the appellate clerk. Practice Book § 949. The appeal was properly filed, and the

plaintiff has in no way been prejudiced. The intent of our appellate rules is to facilitate appeals and advance justice. Any other interpretation of the rules would work injustice in a situation such as this. Practice Book §§ 762, 1023. Under the Circuit Court system, we hold that the appeal is properly before us; otherwise we would exalt technicalities over substance.

The second ground for dismissal must also fail since the appeal was taken from the judgment rendered therein. Practice Book, Form 600. To be sure, the defendant added to its appeal, as a further ground, the court's ruling denying the motion to set aside the verdict. This ground is properly put in the assignment of errors. Practice Book, Form 819 (C). Proper procedure under the statutes and rules of practice requires the appeal to be taken from the judgment. General Statutes §§ 51-265, 54-95, 52-263; Practice Book §§ 600, 1023. The appeal was well taken from the judgment rendered therein. It is not invalidated by the nugatory attempt to appeal from the action on the motion. *Klein* v. *Capitol National Bank & Trust Co.,* 124 Conn. 685; *Beard's Appeal,* 64 Conn. 526, 534–35. Most of the cases cited by the plaintiff were appeals taken only from the denial of a motion to set aside the verdict and not from the judgment and are therefore distinguishable.

What we have said on the plaintiff's first two grounds to dismiss makes it unnecessary to discuss the third ground.

The motion to dismiss is denied.

DEARINGTON, JACOBS and KINMONTH, Js., participated in this decision.