[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action for an order of visitation by the maternal grandparents is rounded on 46b-59 Connecticut General Statutes
Their unmarried daughter was allowed to live in their home during her pregnancy and was allowed to continue to live in their home with her baby girl, Ashley, for a year thereafter. During this time the plaintiffs supported their daughter and cared for Ashley. After the first year, Ashley's mother and father, Dean Fleming, established their own home. The plaintiffs continued to visit with their grandchild from the time their daughter moved out until the weekend before the trial of this case.
The child became attached to her grandparents during her initial year of life while they were rendering daily care. At the same time the plaintiffs became very attached to Ashley.
Difficulties arose between Ashley's father and her maternal grandfather. After five or six months, the father was barred from the plaintiffs' house. The maternal grandfather directed his daughter to stop accepting the $100 weekly child support payments, which were being made in cash at the grandfather's insistence. Ashley's mother arranged visits by the father at a friend's house.
The plaintiffs have enjoyed visitations with Ashley at least twice a week since her parents have been living together in their apartment in Bristol.
The perplexing aspect of this action is, except for the "cause of action" provided by the statute, the court finds no dispute existing since liberal visitation has been taking place. Since the defendant mother and defendant Fleming are an intact family, the plaintiffs have been obliged to adjust the visitation to allow the child's parents opportunity for family activities. CT Page 3083
A. Parties' Arguments
The defendants argue that General Statutes 46b-59
unconstitutionally impairs their rights to privacy in managing their family. The defendants assert that, in the absence of harm to Ashley, they have a fundamental right to decide who may have contact with her. The defendants claim that the standard that the court should apply is heightened because they are an intact family. The defendants argue further that this action is not justiciable as the plaintiffs' claim is not ripe in that they have not been denied visitation.
The plaintiffs argue that the Connecticut Supreme Court impliedly held in Lehrer v. Davis, 214 Conn. 232, 571 A.2d 691
(1990), that General Statutes 46b-59 is not unconstitutional and that the statute contains no prerequisite that the parents terminate visitation.
B. Ripeness
A case that is "not capable of resolution on the merits by judicial action" is non-justiciable. Pellegrino v. O'Neill,193 Conn. 670, 673, 480 A.2d 476, cert. denied, 469 U.S. 875,105 S. Ct 236, 83 L.Ed.2d 176 (1984).
 "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute. . .; (2) that the interests of the parties be adverse. . .; (3) that the matter in controversy be capable of being adjudicated by judicial power. . .; and (4) that the determination of the controversy will result in practical relief to the complainant."
Id., 674, quoting State v. Nardini, 187 Conn. 109, 111-12,445 A.2d 304 (1982).
A claim that is not ripe, is not justiciable. See Lehrer v. Davis, supra, 240. There must be an actual controversy before an issue becomes ripe. See Nickel Mine Brook Assoc. v. Joseph E. Sakal, P.C., 217 Conn. 361, 369-70 n. 9, 585 A.2d 1210
(1991). "For a claim to be ripe there must be a `substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Lake Carriers' Assn. v. MacMullan,406 U.S. 498, 506, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1971)." Balletti CT Page 3084 v. Pappas, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 328962 (March 15, 1991, Clark, J.). A hypothetical injury or threat is not a ripe or justiciable claim. United Public Workers v. Mitchell, 330 U.S. 75,89-90, 67 S.Ct. 556, 91 L.Ed. 754 (1947). "This court may decide a case only when it presents a live controversy which can be resolved by relief that is within the court's power to grant." Schroeter v. Salvati, 6 Conn. App. 622, 623,506 A.2d 1083 (1986), citing Reynolds v. Vroom, 130 Conn. 512, 515,36 A.2d 22 (1944). When there is no controversy, the court's opinion would be advisory. Greene v. Burns, 221 Conn. 736, 750,607 A.2d 402 (1992); Lehrer v. Davis, supra, 235.
Ripeness is a matter of subject matter jurisdiction. Balletti v. Pappas, supra, and Cf. Sadloski v. Manchester,228 Conn. 79, 83, 634 A.2d 888 (1993) (standing, which is also an issue of justiciability invokes subject matter jurisdiction); and see Nania v. Borges, 41 Conn. Sup. 90, 98, 551 A.2d 781
(1988) (issue of mootness not ripe). Subject matter jurisdiction of the court is properly raised in a motion to dismiss. Practice Book 142. However, the court can dismiss an action for lack of subject matter jurisdiction on its own motion. Marcil v. A.H. Merriman Sons, Inc., 115 Conn. 678,682, 163 A. 411 (1932). It is "the rule that, as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such determination is made." Gurliacci v. Mayer, 218 Conn. 531,545, 590 A.2d 914 (1991).
Because the court does not have subject matter jurisdiction in the absence of a controversy, this court holds that General Statutes 46b-59 requires that visitation be denied or impaired before the plaintiffs may seek an order of visitation. It is clear from the evidence that this court now finds that access to the plaintiffs' granddaughter was not impaired or denied. The issue of the constitutionality of General Statutes 46b-59 need not be considered.
The court finds the defendants' fourth affirmative special defense proven. The plaintiffs' prayer for a visitation order is denied.
HARRIGAN, J. CT Page 3085