[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiff in the above-captioned action seeks summary judgment on CT Page 10444 two issues raised in his fourth amended complaint. In that complaint, the plaintiff asserts that soon after he purchased land in the area of Beaver Dam Lake in Stratford, the defendant Beaver Dam Association of Stratford, Inc. ("Association") enacted additional regulations and bylaws by which it purported to enact a right of first refusal with regard to the plaintiffs property and the property of others whose property abuts the lake. The plaintiff alleges that he is not a member of the Association. The plaintiff alleges that the Association enacted other bylaws limiting the use of his property in various respects; however, he seeks summary judgment only as to the claims that the provision of the bylaws that gives the Association a right of first refusal fails to comply with the Statute of Frauds and violates the rule against perpetuities. These issues are raised at paragraphs 10H(i) and 10H(iii).
The plaintiff evidently has filed this motion without prejudice to the more general objection, set forth in his complaint, that he and his property are not subject to regulation by the Association and that the bylaws at issue in the complaint do not constitute reasonable regulations. Since these issues are not raised in the plaintiffs motion for summary judgment, the court does not rule on them either explicitly or implicitly in this ruling.
After the court offered several dates for oral argument that were not mutually convenient to counsel, the parties agreed to have this motion decided on the papers without oral argument.
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001); Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997); and Practice Book § 17-49; see Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any CT Page 10445 genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues, exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998);Telesco v. Telesco, 187 Conn. 715, 718 (1982).
Undisputed Facts
The movant has presented evidence of the following facts. The defendants do not dispute any of the material facts relied upon by the plaintiff in his motion; however, they dispute that these facts entitle the movant to summary judgment.
The plaintiff and his wife purchased property at 3260 Huntington Road in Stratford on April 21, 1999. The property abuts Beaver Dam Lake. The defendant Beaver Dam Lake Association, Inc. asserts authority to regulate use of the lake and of land abutting the lake by the owners of abutting property, whether or not the owners are members of the Association.
On May 10, 1999, the Association passed and promulgated new rules and regulations and bylaws that included the following provision:
 3. All property physically abutting on the water of Beaver Dam Lake, whether now owned by a non-member of the Association or formerly owned by any member of the Association, shall be subject to a right of first refusal to the Association.
Notice of intention to enter into a contract with a copy thereof shall be provided by the seller to the President of the Association and notice of such CT Page 10446 forwarding shall, at the time of such delivery, be provided to each member of the Association.
 The President shall issue a release of such right within ten (10) days after receipt of such notice unless one or more members shall acknowledge the intention to purchase on the same terms and condition (sic) of the aforesaid contract by forwarding the required deposit by certified check payable to the seller.
The amended bylaws were recorded on the land records of the Town of Stratford in Volume 1532, page 334, on September 7, 1999. The provision set forth above was designated as Article VI, Sec. 5 of the amended bylaws.
The plaintiff was not a member of the Association at the time this provision was enacted. Though officers of the Association and some persons who were evidently members of the Association signed the new bylaws, the plaintiff did not.
The amended bylaws also provide, at Article 1, Sec. 8, that "[n]either withdrawal nor expulsion from membership, nor failure to become a member shall relieve an owner of land abutting on the water of Beaver Dam Lake now or formerly owned by a former member from the duty to obey the mandates of the By-Laws and rules and regulations of the Association. "
The defendants have appended to their brief in opposition the deed by which the plaintiff acquired his property and the other deeds and documents that set forth restrictions incorporated by reference in the plaintiffs deed.
Claimed applicability of the rule against perpetuities
The plaintiff asserts that he is entitled to summary judgment on his claim for a declaratory judgment concerning the invalidity of the bylaw purporting to subject his property to a right of first refusal by the Association. The plaintiff explains that the bylaw at issue creates a contingent property interest that is unlimited as to time.
In his motion, the plaintiff invokes the common law rule against perpetuities. In Hare v. McClellan, 234 Conn. 581 (1995), the Connecticut Supreme Court explained that a right of first refusal is known more technically as a preemptive option, a right of preemption, or simply a preemption. The Court cited with approval the ruling in Lewis Oyster Co.v. West. 93 Conn. 518 (1919), in which the Court held that a right of CT Page 10447 first refusal in a covenant constituted a practical restraint on alienation of the land at issue and that the covenant was subject to the rule against perpetuities. Hare v. McClellan, supra, 234 Conn. 588 n. 5.
The plaintiff cites the common law rule against perpetuities and relies on cases decided under the common law. He overlooks the fact, raised by the defendants in their reply brief, that in 1989 the General Assembly adopted the Uniform Statutory Rule Against Perpetuities, codified as Conn. Gen. Stat. § 45a-491. That statute provides as follows:
 (a) A nonvested property interest is invalid unless: (1) When the interest is created, it is certain to vest or terminate no later than twenty-one years after the death of an individual then alive; or (2) the interest either vests or terminates within ninety years after its creation.
The substance of § 45a-491 (a)(2) was not part of the common law approach to the rule against perpetuities, as is demonstrated in Neustadtv. Pearce, 145 Conn. 403 (1958). In that case, a grantor provided in a deed for a right of first refusal and the grantor's successor in interest attempted to enforce the right of first refusal in 1956. The right of first refusal was found to be invalid under the rule against perpetuities then in effect.
The present statutory rule operates to save provisions for a 90-year period after their creation. The Commentary to the Uniform Act explains the operation of the 90-year feature of the Uniform Statutory Rule Against Perpetuities:
 Unlike the Common-law Rule, the Statutory Rule Against Perpetuities does not automatically invalidate nonvested property interests for which there is no validating life. A nonvested property interest that does not meet the requirements for validity under Section 1(a)(1) might still be valid under the wait-and-see approach of Section 1(a)(2). Such an interest is invalid under Section 1(a)(2) only if in actuality it does not vest (or terminate) during the permissible vesting period . . . Non-vested property interests that have neither vested nor terminated at the expiration of the 90-year permissible vesting period become invalid.
8B Uniform Laws Annotated (2001) page 244. CT Page 10448
The interest at issue was created when the Association amended its bylaws on May 10, 1999. The present statutory rule against perpetuities does not invalidate the right of first refusal at issue, which has not existed without vesting for ninety years.
Statute of Frauds
The plaintiff asserts that the right of first refusal created by the amendment to the Association's bylaws is unenforceable and invalid because it fails to satisfy the Statute of Frauds. The statute, Conn. Gen. Stat. § 52-550 (a)(4), provides that "[n]o civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . ."
In their briefs, the defendants have not contested the applicability of the statute of frauds to the situation before this court. They assert that the requirements of the statute of frauds are satisfied by the text of the bylaw at issue.
The defendants point out that the movant took title to his property pursuant to a deed that contained restrictions. The plaintiffs assert that those restrictions included the requirement that no building other than an approved boat house could be built on the property within one hundred feet of the back, and that approval "shall have been obtained from the grantor or any association which may be organized consisting of owners of property purchased from the grantor . . . and that said premises shall be subject to such other reasonable restriction's and limitations as the grantor or any such association may impose thereon." Warranty Deed from The Loch Lenidow Realty Co. to Jesse E. Langsdorf, dated July 10, 1933, recorded in volume 150, page 91 of the land records of the Town of Stratford. This deed is identified as one that states restrictions to which the property was subject when it was sold to the plaintiff in a deed executed on April 21, 1999.
It appears that the requirement of the statute of frauds concerning signatures is satisfied by the agreement of the plaintiffs predecessor in interest to the restrictions at issue.
The plaintiff argues that the right of first refusal enacted by the Association is not enforceable for the further reason that the terms of the amended bylaws are uncertain and ambiguous. He argues that while the new bylaw provides that all abutting property "shall be subject to a right of first refusal to the Association," it also provides that abutting landowners who enter into contracts to sell their property must provide the Association with notice of intention to enter into a contract CT Page 10449 and that the Association shall notify each member so that one or more members may, within ten days, "acknowledge the intention to purchase on the same terms and condition of the aforesaid contract by forwarding the required deposit by certified check payable to the seller." The provision is fraught with uncertainty. It purports to give the Association itself a right of first refusal, but in subsequent text it purports to give each member of the Association a separate ability to exercise that right. It makes no provision for the circumstance in which both the Association itself and one of its members wishes to buy the property, nor the situation in which various members wish to buy the property. The seller of a property subject to this bylaw cannot tell from reading it whether he has an obligation to sell to any person or entity in particular if more than one should signify a desire to purchase within ten days of receipt of notice to enter into a sale.
Connecticut's courts have long held that the essential terms of a contract include the following: the subject of the sale, the terms of it and the parties to it. State v. Hahn, 207 Conn. 555, 562 (1988); RobertLawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 11 (1979); Santorov. Mack, 108 Conn. 680, 688 (1929).
In the analogous instance of a contract giving a party the option to buy a portion of a tract of land, the Connecticut Supreme Court ruled inMontanaro Bros. Builders, Inc. v. Snow, 190 Conn. 481, 486 (1983) that such a contract is not enforceable if it is not sufficiently definite with regard to material provisions. The court relied on 1 Restatement (Second) Contracts § 131 (1981)' which states as follows:
 Unless additional requirements are prescribed by the particular statute, a contract within the Statute of Frauds is enforceable if it is evidenced by any writing, signed by or on behalf of the party to be charged, which. . . . (c) states with reasonable certainty the essential terms of the unperformed promises in the contract.
A finding that essential terms had not been stated with sufficient certainty was found to make an option contract unenforceable in Pigeonv. Hatheway, 156 Conn. 175 (1968).
The identity of the party who has a right to exercise the right of first refusal is an essential term of the transaction at issue. The bylaw at issue does not state this term with sufficient certainty, and it is therefore unenforceable against the plaintiff.
Conclusion
CT Page 10450
The plaintiffs motion for summary judgment is granted. Judgment shall enter in favor of the plaintiff only with regard to the claim that the bylaw concerning the right of first refusal applies to the plaintiffs property.
 Beverly J. Hodgson Judge of the Superior Court